NATHAN MYRICK, Appellant, *vs.* E. EDMUNDSON & Co.,
Respondents.

APPEAL FROM AN ORDER OF THE DISTRICT COURT OF RAMSEY COUNTY.

Section 90 of Chapter 70, Revised Statutes, authorizes the Court in its *discretion*, to relieve a party
from a judgment order or other proceeding taken against him, through his mistake, inadvertance,
surprise or excusable neglect, at any time within one year after notice thereof; and after the
Court has once exercised that *discretion*, and the party still suffers the year to expire, he must
offer a satisfactory reason for the delay.

A party neglecting to examine a Sheriff's return for more than a year after notice of the judgment
against him, 'is inexcusable, and his 'ignorance of the true state of the return, arising from such
neglect, will not entitle him to relief against the judgment.

The facts appear in full in the opinion of the Court. The
Defendants below moved to dissolve the injunction in the
cause, upon the grounds stated 'in the points of Respondent.
Motion granted.

(The record came to this Court upon Writ of Error, but
doubts arising as to whether the order dissolving the injunc-
tion could be reviewed under the writ, the cause was argued
and submitted, as if upon appeal from the order, by mutual
stipulation.)

The following are the points and authorities presented by
Counsel for Appellant:

*First.* The second, third and fourth grounds of motion go
to the form of the writ, and are amendable; but it is a suffi-
cient answer, that the Defendant answered and moved to dis-
solve an answer which was a waiver and cure. Vide 1 *Barb.
Ch. Pr. p.* 626; *Parker vs. Williams,* 4 *Paige's Ch. R.* 439.

*Second.* The complaint is not contradictory in the respects
charged, amounting substantially to this: that the motion to
open the default was argued upon the mistaken assumption
that the Sheriff had made a false return, and decided upon the
express ground that the only redress was upon the officer;
whereas it was discovered first about November 5th, 1857, that
the officer's return was correct, thus discharging the officer
from any liability, and dissipating the groundwork of the de-
cision.

*Third.* The Court below erred in dissolving the injunction, because the answer does not deny positively all the equities of the bill. There is but one positive denial, and that is evasive. *Barb. Ch. Pr. vol.* 1, *pp.* 640–3.

*Fourth.* There are preponderating circumstances in favor of the issue which is made upon positive assertion, to wit: the obvious fact that the motion below could not have been denied except upon the theory which the complaint charges it was argued upon.

*Fifth.* It appears that the merits were not fully heard below. A Court of Equity always interposes to relieve from accidents or mistakes, and the Appellant's rights will not be foreclosed summarily upon motion.

This was the rule where equity and common-law jurisdiction were distinguished. Under a system which blends the two jurisdictions, the reason of the rule applies with still greater force, because it is simply an application in a more formal manner for a re-hearing before the same court. Section 52, page 335 Revised Statutes, cited by Appellees, has no application.

The following are the points relied upon by the Respondents:

*First.* The Court below properly dissolved the injunction issued in this cause: because, no facts are set forth in the complaint authorizing the same;

*Second.* Because that part and portion of the complaint commencing at folio — and ending at folio — is directly contradicted by the complaint and the exhibits therewith filed;

*Third.* Because that part and portion of the complaint commencing at folio — and ending at folio — is directly contradicted by said complaint and exhibits;

*Fourth.* Because it appears from the said complaint that the Plaintiff in this cause has availed himself of any rights which he had under Section 52, page 335 Revised Statutes of Minnesota;

*Fifth.* Because the said Plaintiff, in his said complaint, has shown himself guilty of such gross negligence and *laches* as

not to entitle him to the equitable interposition or relief prayed for;

*Sixth.* Because the said complaint is contradictory in itself;

*Seventh.* The said writ was not issued in the name of the United States;

*Eighth.* The said writ was not tested in the name of the (then) Judge of the District Court out of which the same was issued;

*Ninth.* Because the said writ is not returnable on a day certain, or at any specified time.

BRISBIN & BIGELOW, Counsel for Appellant.

VAN ETTEN & OFFICER, Counsel for Respondents.

*By the Court.*—L. EMMETT, J. It appears that in March, 1856, the Defendants commenced an action in the District Court of the 2nd District, Ramsey County, against Nathan Myrick and some twenty-two others. The summons was served on Myrick on the 2nd day of April, 1856, by leaving a copy at his last usual place of abode, he being absent from the Territory at the time. Judgment was rendered against him on the 7th of August, 1856, upon failure to answer, for the sum of $663,89, and execution issued thereon which was levied on his property, and the property sold to satisfy the same, on the 8th day of November, 1856, for the sum of $712,00. In October previous to the sale, Myrick moved on his own affidavit, to set aside the default in said action, and for leave to answer, on the ground that he had not been personally served with process, and had had no notice of the pendency of the action, until after the judgment had been rendered, and his property levied upon, averring also that he had a valid defence. This motion was heard by the Judge on the 5th day of November, 1856, just previous to the sale, and was denied. Myrick delayed further action until the 6th of November, 1857, just before the time for redeeming the property sold on execution would have expired. He then came forward and paid the amount of the judgment, interest and costs, into the hands of an agent, with instructions to pay the same to the Sheriff for the redemption of the property sold, and on the same day

34

commenced the present action, asking for an injunction to restrain the Sheriff from paying over the money, or making a conveyance to the purchaser, and to restrain the Defendants, (whom we infer to have been the purchasers,) from receiving either the money or the deed.

The complaint sets forth the substance of the foregoing facts, and alleges that at the time of the hearing of the motion to set aside the default, it was supposed and so argued by the attorneys of both parties, that the Sheriff had returned the summons and complaint in the original action, as served personally upon the Plaintiff, and that the Judge in this view of the case had decided against the motion, holding that the remedy was against the Sheriff for a false return. He further alleges that he was then ignorant of the fact that the Sheriff had returned said process as served by leaving a copy at his said Plaintiff's last usual place of abode, and did not learn the same until the 5th day of November, 1857, the day before the commencement of this action, when he was so advised by the attorney to whom he had then applied for assistance. He further avers that he has a good defence to the original action, stating in substance what the defence is, and asks that the judgment therein may be set aside, and may be permitted on such terms as may be just, to interpose his defence, at the same time offering to bring into Court the amount of the judgment, interest and costs, there to remain subject to the order of the Court.

The Judge allowed an injunction to issue, and the Defendants answer denying that the motion to set aside the default was argued and determined upon the assumption that the service of the process had been personal, and denying also that the Plaintiff herein, was ignorant of the manner in which the Sheriff had made his return, as stated in his complaint. The answer also denies on information and belief, the other material allegations of the complaint.

The Defendants afterwards moved to dissolve the injunction upon the complaint and answer; and upon the hearing the same was accordingly dissolved, and all proceedings thereon vacated. From this order dissolving the injunction, the Plaintiff has appealed.

After a careful examination of the complaint, and admitting every allegation to be true, (although every material allegation is denied,) we do not think the Plaintiff has presented a case entitleing him to the equitable interference of the Court. The fact of which he claims to have been ignorant, is one which he could easily have ascertained by the exercise of less than ordinary diligence. Sections 52 and 90 of Chapter 70, of Revised Statutes of 1851, make ample provision for the relief of a party [against whom a judgment may be rendered, and the process has not been personally served upon him; or when the judgment is taken against him through his mistake, inadvertance, surprise or excusable neglect. By the former of these sections he *may*, on application and sufficient cause shown, and on such terms as may be just, be allowed to defend the action within one year after the rendition of the judgment. By section 90, he may *in the discretion of the Court*, be relieved at any time within one year after notice of the judgment. This gives ample time to the party injured, to prepare the facts of his case for the Court, to whose *discretion* only the equitable remedy is confided, and we think that after the Court has once exercised that discretion, as in this case, and the party still suffers the time to expire before again moving in the matter, he must offer a satisfactory reason for the delay.

But what are the reasons alleged in this case? Why, in substance, that the Plaintiff had all along supposed, that the Sheriff had made a false return, and that therefore he would have to seek his remedy against him. This, it seems to us, is an unwarrantable supposition, and would be indulging the Plaintiff rather too far, in an unkind opinion of a sworn officer of the County, especially as the officer's return was a matter of record, open to the inspection of the Plaintiff and his attorney. Had they been at all inquisitive, and examined the records as was immediately done by the Plaintiff's present attorney, this unjust supposition against the officer would at once have been removed. Why the records were never examined until the Plaintiff had gotten the full benefit of the year to redeem in, or on what grounds he founded this erroneous belief, we are not informed. Had the return been altered or falsified, or a

spurious return been made by which the Plaintiff had been deceived, or had he been misled as to the return, by the Sheriff, or the Defendants or their attorneys, it might have afforded some ground for interference. But no such excuse is here alleged. None, save that he had supposed the Sheriff had made a return different from that which he in fact did make, and relying upon that supposition, he had suffered the time limited by Statute for affording relief ·in such cases, to pass without ascertaining from the records what the return actually was. To give relief here would, we fear, induce a great many to keep pertinaciously ignorant of the state of the records of our Courts.

We hold, therefore, that the neglect of the Plaintiff to examine the return of the Sheriff for more than a year after notice of the judgment against him, is inexcusable, and his ignorance of the true state of the return, arising from such neglect, does not entitle him to relief against the judgment.

The order of the District Judge dissolving the injunction, and vacating all proceedings thereon, is affirmed with costs.