## YARDE v. BALTIMORE & O. R. CO.

(Circuit Court, D. Indiana. September 30, 1893.)

### No. 8,751.

REMOVAL OF CAUSES—REMAND—AMOUNT IN DISPUTE.

Where in an action for wrongful death the complaint lays the damages "in the sum of ——— thousand dollars; wherefore plaintiff demands judgment for ——— thousand dollars," this must be construed as a suit for $1,000 damages, and defendant cannot secure a removal of the cause to a federal court on the ground of diverse citizenship, by alleging in the petition for removal that the matter in dispute exceeds $2,000.

At Law. Action for damages for wrongful death, brought in a state court and removed to this court by defendant. Heard on motion to remand. Granted.

R. P. Barr, W. L. Penfield, and Wm. L. Taylor, for plaintiff.

J. H. Collins, for defendant.

BAKER, District Judge. The question for decision arises on the plaintiff's motion to remand. This action was brought in the circuit court of De Kalb county, in the state of Indiana, by John Yarde, Jr., as administrator of the estate of William L. Sanders, deceased, against the Baltimore & Ohio Railroad Company, to recover damages alleged to have been sustained by the widow and children of the decedent on account of his death by the negligent and wrongful acts and omissions of the defendant and its servants. After stating in detail the facts constituting the cause of action, the complaint concludes as follows:

"By reason of the premises said plaintiff widow and children have been damaged in the sum of ——— thousand dollars; wherefore plaintiff demands judgment for ——— thousand dollars."

The defendant seasonably filed in the state court its verified petition and bond, and asked that the cause be removed into the

circuit court of the United States for the district of Indiana. The petition set forth that the plaintiff was and is a citizen of the state of Indiana, and that the defendant was and is a corporation organized and existing under the laws of the state of Maryland, and a citizen thereof; and that the matter in dispute in the cause exceeded, exclusive of interest and costs, the sum or value of $2,000. Thereupon the state court ordered the removal of the cause into this court.

The plaintiff, in support of his motion, contends that, as the action sounds in tort, and is solely for the recovery of unliquidated damages, the amount stated in the complaint or asked for in the prayer must be taken as the true measure of the sum or value in dispute, and that in such case it is not competent for the defendant, by stating in his petition that the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000, to withdraw the cause from the jurisdiction of the state into the federal court. Counsel for defendant insists that the complaint does not state the amount for which judgment is demanded, and that in such case it may be shown by averment in the petition for removal that the matter in dispute exceeds the sum or value of $2,000. There are cases in which there is nothing in the pleadings showing the amount or value of the matter in dispute, and no facts from which it can be ascertained that the sum or value is less than $2,000, where it may be shown by a direct and positive statement in the petition for removal that the matter in dispute exceeds the sum or value of $2,000, and such showing will be sufficient to authorize a removal when such statement is not contradicted by special plea or affidavit. Langdon v. Iron Co., 41 Fed. Rep. 609. Whether this principle is applicable where the action is for the recovery of damages for a wrongful death, it is not necessary to determine. In an action sounding in tort, where the sole right of action is for the recovery of unliquidated damages, involving no right to nor interest in real or personal property, the amount, if stated in the complaint, or in the prayer for judgment, must, for the purposes of removal, be taken as the true measure of the value of the matter in dispute. Gordon v. Longest, 16 Pet. 97; Kanouse v. Martin, 15 How. 198. In such a case there can be no recovery beyond the amount of the judgment demanded. The complaint in this case, as the court construes it, asks judgment on the cause of action stated in it in the sum of $1,000. It is suggested, inasmuch as the statute under which the action is brought gives a right of action for the recovery of damages not exceeding the sum of $10,000 for a wrongful death, that the court ought to read the word "ten" into the blank space preceding the word "thousand," thus making the complaint one for the recovery of $10,000. Such a claim might be well founded if the statute in this state, as in one other at least, fixed an invariable amount of damages in every case of wrongful death. Here, however, the recovery may be in any sum not exceeding $10,000, and it can in no event exceed nominal damages, unless some larger definite amount is expressly demanded. Construing the complaint as containing a demand for $1,000 for the

wrongful death of the intestate, in my judgment it is not competent for the defendant to procure a removal by alleging in his petition that the matter in dispute exceeds $2,000.

It is urged that the motion to remand should be denied, because it is said that it is apparent that the blank space in the complaint was left unfilled simply as a device to prevent the removal of the cause to the federal court. It is due to the attorneys for the plaintiff to say that they explicitly disclaim any such motive. It is not material to the determination of the motion whether the omission was the result of oversight, or arose from a desire to defeat the right of removal. The right of removal is secured by the constitution and laws of the United States whenever the requisite diversity of citizenship exists, and the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000. This right cannot be defeated by any artifice, evasion, or omission. If at any time during the progress of an action in a state court, by amendment or otherwise, a cause of action not before removable is changed or converted into one which is properly removable, the defendant, whether an alien or a citizen of another state than that of which the plaintiff is a citizen, has the right to file his petition and bond, and secure a removal of the cause into the proper federal court. It has often been held that if the defendant have a right to the removal, he cannot be deprived of it by the allowance by the state court of an amendment reducing the sum claimed after the right of removal is complete. Kanouse v. Martin, 15 How. 198. The converse of this proposition must be true,—that a defendant not entitled to removal, who becomes entitled to it by reason of an amendment of the complaint allowed by the state court, may remove the cause, although the time has elapsed within which his removal of the cause ought to have been asked for, if he promptly files his petition and bond after such amendment has been made. Huskins v. Railway Co., 37 Fed. Rep. 504; Evans v. Dillingham, 43 Fed. Rep. 177, 180.

The matter in dispute, as disclosed by the record, does not exceed, exclusive of interest and costs, the sum or value of $2,000. The motion will therefore be sustained, and the cause remanded, and it is so ordered.