ENDERS v. LAKE ERIE & W. R. CO.

(Circuit Court, D. Indiana.   April 28, 1900.)

No. 9,822.

REMOVAL OF CAUSES—TIME FOR FILING APPLICATION—AMENDMENT OF COMPLAINT.

Where, by reason of an amendment of the complaint in a state court, a defendant becomes entitled to remove a cause not before removable, he is entitled to a reasonable time after such amendment within which to file his petition and bond for removal; and, where the statute fixes no time within which he is required to answer or plead to the amended complaint, the time prescribed therefor by a rule of court will, by analogy, be taken as the time within which he must file his application for removal, unless it appears that such time is unreasonably short.

At Law.   On motion to remand to state court.

Gavin & Davis and Kirkpatrick, Morrison & McReynolds, for plaintiff.

J. B. Cockrum, R. B. Beauchamp, and Miller, Elam & Fesler, for defendant.

BAKER, District Judge. This suit was brought in a state court to recover damages for personal injuries, the sum claimed in the original complaint being less than $2,000. Afterwards, by leave of the state court, the plaintiff amended her complaint by the addition of allegations showing that her injuries were much more serious than they were at first supposed to be, and by increasing her demand for judgment to $15,000. After the filing of her amended complaint, and after the time fixed by the rule of the state court for the defendant to answer or plead to the amended complaint had expired, the defendant filed a petition and bond for the removal of the suit to this court. The state court ordered the removal, and, the record having been filed here, the plaintiff moves to remand. There is no statute of this state fixing the time within which the defendant is required to answer or plead to an amended complaint.

There can be no question of the defendant's right to remove the suit when the demand for judgment was increased to a sum in excess of $2,000, but the question remains whether the defendant lost the right of removal by its delay in making and filing the petition and bond therefor. It is said in Powers v. Railway Co., 169 U. S. 92, 101, 18 Sup. Ct. 267, 42 L. Ed. 676, to be a reasonable construction of the removal act "to consider the statute as, in intention and effect, permitting and requiring the defendant to file a petition for removal as soon as the action assumes the shape of a removable case in the court in which it was brought." This court said in Yarde v. Railroad Co. (C. C.) 57 Fed. 913, 915, that "a defendant not entitled to removal, who becomes entitled to it by reason of an amendment to the complaint allowed by the state court, may remove the cause, although the time has elapsed within which his removal ought to have been asked for, if he promptly files his petition and bond after such amendment has been made." What is the degree of promptness that must be exercised? The time within which the defendant might have petitioned for the removal of this cause began to run when the amended complaint was filed; and it seems clear, upon principle, and in analogy to the statute, that the right of removal continued, in any event, until the expiration of the time within which, by the rule of the state court, the defendant was required to answer or plead to such amended complaint. But, if the time fixed by the rule of the state court to answer or plead to an amended complaint is so short as to deny to the defendant a reasonable time within which to prepare and file a petition and bond, such rule, it would seem, ought not to defeat the right of removal, if exercised with reasonable promptness. In the present case the rule of the state court is not open to the objection that the time limited was unreasonably short. The defendant failed to file its petition and bond for removal until after the expiration of the time fixed by the rule of the state court for the defendant to answer or plead to the amended complaint, and therefore the application came too late. The petitioner has presented some affidavits to excuse its failure to

present its petition and bond within the time limited by the rule of the state court for answering the amended complaint. Conceding, without deciding, that delay in filing the petition and bond for removal may be shown to be excusable, still the court, after a careful examination of the affidavits, is of the opinion that they disclose no sufficient excuse for the failure to file the petition and bond for removal within the time fixed by the rule of the state court to answer or plead to the amended complaint. Remanded to the state court.