WILLIAM WILSON, Appellant, v. LEWIS GODFREY and others, Appellees.

Tax sale: SUBSEQUENT INCUMBRANCES: NOTICE OF LIEN. The record of a regularly conducted tax sale is constructive notice to a subsequent mortgagee of the lien thus created.

Same: MORTGAGES: REDEMPTION FROM TAX SALE. Where property at the time of the execution of a mortgage thereon had been sold for taxes to a purchaser in no way identified with the mortgagor, a subsequent purchase of the sale certificate by and issuance of a tax sale deed to a son of the mortgagor, who became his sole heir, did not operate as a redemption from the sale, the heir having acquired his title wholly independent of any interest of his father.

*Appeal from Wapello District Court.*—HON. C. W. VERMILLION, Judge.

FRIDAY, FEBRUARY 11, 1910.

THE facts are sufficiently stated in the opinion. Decree *affirmed.*

*W. W. Epps,* for appellant.

*Tisdale & Heindel,* for appellees.

WEAVER, J.—In the year 1900 George Godfrey, being then the holder of the legal title to a certain lot in the city of Ottumwa, executed a mortgage thereon to plaintiff to secure the payment of a promissory note for $1,000 due two years after date. The mortgage contained a clause authorizing the mortgagee to pay any taxes which might become delinquent on said property, and that the mortgage

should stand as security for his reimbursement for money so expended. At the time the mortgage was made, the property had already been sold for taxes to one George Haw, Jr., said sale having been made in December, 1898, for paving taxes or assessments which were then due and delinquent. It is the plaintiff's claim that he had no notice or knowledge of said tax sale, but there is no allegation or proof that the defendants had any knowledge of the giving of the mortgage to plaintiff, or in any way misrepresented or concealed from him the true state of the title to said property. Before the time for redemption from said sale had expired, Haw sold and assigned the certificate of sale to Lewis Godfrey, a son of the mortgagor, and on January 2, 1904, Lewis Godfrey after due notice, as we must presume, demanded and received a treasurer's deed. To correct a formal error in the description of the property in said deed the county treasurer on December 7, 1907, executed to the said Lewis Godfrey another deed thereof in pursuance of the same tax sale. Each deed was duly recorded within a short time after its date. In August, 1907, George Godfrey, the mortgagor, died intestate leaving Lewis Godfrey his only heir at law. On December 31, 1907, plaintiff instituted this action in equity to foreclose his mortgage. Lewis Godfrey resisted the foreclosure on the ground that the lien of the mortgage had been eliminated by his tax deed and asked to have his title quieted against plaintiff's claims. Plaintiff denied the validity of the tax deed and alleged that the purchase of the tax title or claim by said Godfrey operated in equity as a redemption. He also offered to pay whatever sum was necessary to redeem the property from said sale.

The trial court found for defendant and plaintiff appeals.

The record discloses no valid reason for questioning the effectiveness of the tax deed. So far as appears, the tax was regularly levied, the sale was properly conducted,

and the records of the sale duly entered upon the books nearly two years before the mortgage was given.  Plaintiff had at least constructive notice of the lien thus created.

Haw, the tax purchaser, is not shown to have had any interest in or relation to the property which made the sale either void or voidable.  When Lewis Godfrey purchased the certificate from Haw he had no interest in or relation to the property which made it his duty to pay the taxes, and none which calls for an application of the rule by which a purchase of lands for taxes is sometimes held to operate as a redemption from the sale.  True, he was the son of the mortgagor and later, after the title had passed to him by tax deed, he became his father's sole heir.  But he did not obtain the title to this property from or through his father, but from an independent source, and there rests upon him no obligation, legal or equitable, to yield his rights therein for the benefit of the mortgagee.  *Busch v. Hall,* 119 Iowa, 288.  Whether any moral obligation rests upon him in favor of the plaintiff is not a proper subject for our consideration.  If there was anything in the record which tended directly, or by fair implication, to show that the son took the tax title for or in the interest of his father, a different result could well be reached, but, aside from the mere fact of family relationship, there is nothing of the kind.  Upon this fact alone no presumption of fraud or collusion is justified.  Indeed, the plaintiff does not charge fraud or collusion, but bases his right to a foreclosure against the property on the simple fact that the defendant is the son of the mortgagor, and upon the death of the latter became his heir.  As we have already suggested, the title of the mortgagor having been extinguished before his death, the fact that defendant is his only heir is not a material consideration.

The decree of the district court is right, and it is *affirmed.*