John Markey, Appellee, v. Chicago, Milwaukee & St. Paul Railway Company, Appellant.

**REMOVAL OF CAUSES: Motion—Statutory Time Limit in Which to 1 Make—When Statute Not Applicable.** An application to remove a cause from a state to a Federal court, by reason of the amount involved, etc., must be made at or before the time when the state

law or regular rule of court requires an answer. (U. S. Comp. Stat., Sec. 1011, Judicial Code, Sec. 29.) This rule has no application when the pleading which creates a removable suit *requires no answer*.

**PLEADING: Petition Followed by General Denial—Amendment Increasing Prayer for Damages—Non-necessity for New Answer.** An answer denying generally plaintiff's alleged cause of action and all damages automatically applies to a subsequent amendment to the petition which simply increases the demand for damages, thereby rendering needless any additional answer.

**NEGLIGENCE: Laches—Knowledge Presupposed—Actual and Constructive Knowledge Contrasted.** Less than *actual* knowledge cannot initiate negligent delay. In other words, one without fault in not obtaining actual knowledge cannot be guilty of *laches* for failing to act upon what he knows by construction only. So held where an amendment to a petition gave defendant the right of removal to Federal court, of which right defendant had constructive knowledge only.

  PRINCIPLE APPLIED: Plaintiff filed petition in state court with prayer for $3,000 damages. Defendant filed a general denial. Later, plaintiff amended his petition by asking damages in the sum of $6,000, thereby rendering the cause removable. Eight days later, without knowledge that the amendment to the petition had been filed, defendant filed a farther answer to the petition, simply amplifying its former answer. Defendant had no actual knowledge of the filing of the amendment demanding $6,000 damages until thirteen days after the filing, but had that constructive knowledge which all litigants have of pleadings filed. On obtaining such actual knowledge, defendant, without answering thereto, immediately filed petition for removal to Federal court. On question whether defendant was negligent in not sooner petitioning for a removal, *held*, negligence could not be predicated on such "constructive" knowledge.

**REMOVAL OF CAUSES: Waiver of Right to Remove—Knowledge of Conditions—Necessity for.** Waiver of a right presupposes knowledge of the facts giving rise to the right. Applied in instant case, where it was claimed that defendant had waived its right to remove a cause to the Federal court.

  PRINCIPLE APPLIED: (See No. 3.) *Held*, defendant did not waive its right to remove by filing its amplified answer.

**REMOVAL OF CAUSES: Laches—Filing Petition after Commencement of Trial.** Attention is called to the fact that the filing of a petition for removal of a cause to Federal court *after the commencement of the trial* does not necessarily establish laches.

**APPEAL AND ERROR: Abstract of Record—Undenied Allegation—Precedence over Affidavit.** The statement of an *undenied* abstract that appellant's motion to transfer the cause to the Federal court was filed *before* the commencement of the trial in the lower court must prevail over an affidavit appearing in the abstract as having been filed in the lower court by appellee, wherein the statement is made that such motion was filed *after* the commencement of trial.

**REMOVAL OF CAUSES: Negligence in Demanding Removal—Excusable Failure to Learn Facts.** When plaintiff's own pleading, after answer day, creates a suit removable to the Federal court, defendant need only demand the removal with reasonable diligence. Negligence in asking for the removal cannot be predicated on the mere fact that thirteen days elapsed after the filing of such pleading before defendant actually discovered that such pleading had been filed, when (a) he had no' reason to surmise that such a pleading would be filed and (b) moved promptly on making such discovery.

PRINCIPLE APPLIED: (See No. 3.)

*Appeal from Dallas District Court.*—HON. W. H. FAHEY, Judge.

TUESDAY, SEPTEMBER 21, 1915.

As reversal is ordered because we hold that the trial court should have granted appellant's petition for removal, our consideration is limited to giving our reasons for reaching said conclusion. The facts will be stated in course of the opinion.—*Reversed and Remanded.*

*E. J. Kelley,* for appellee.

*Cook, Hughes & Sutherland,* for appellant.

SALINGER, J.—I. On the 13th day of August, 1913, the plaintiff, appellee, filed petition charging defendant with hav-

ing negligently injured him, and demanding judgment in the sum of three thousand dollars therefor.

1. REMOVAL OF CAUSES: motion: statutory time limit in which to make: when statute not applicable.

On the 21st day of August, defendant filed an answer which is practically a general denial. On the 4th day of November, 1913, the first day of the November term in that year, plaintiff filed a motion for leave to amend his petition by raising the prayer for judgment from three thousand dollars to six thousand dollars. The motion was sustained on the same day, and thereupon, still on the same day, plaintiff filed an amendment, stating that, by reason of the acts described in his original petition, the plaintiff had suffered damages in the sum of six thousand dollars, and asking judgment for said enlarged amount. It is conceded, as indeed it must be, that a removable suit was created at the time when said amendment put the damages sought above three thousand dollars. By Sec. 1011, United States Compiled Statutes, 1913, (Judicial Code, Sec. 29), it is provided that a petition for removal must be filed "at the time, or at any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff." It is settled in this court that whensoever this act of Congress is applicable, its reference to statute or rule time means the time fixed by statute or rule, and not a time later fixed by extension on order of court or stipulation of parties. See *Wilson v. Coal Co.*, 135 Iowa 531. So anything addressed to said amendment to petition was, under statute and court rule, due by the morning of November 5th. The petition for removal was not filed until the 17th day of November, and appellee insists that, therefore, it came too late, and the application to remove was rightly denied. Whether the Federal statute is applicable depends upon whether said amendment to petition required answer, and, if none was required, upon whether it is a proper construction of the Removal Act that its time limit by adoption applies to cases wherein no

answer is required.    We may assume that Congress has
power to require that a removal must, under all circumstances,
be perfected within a stated time after a removable suit comes
into existence, but are of opinion that it has not done so.   The
enactment is that the removal petition must be filed before
the time at which the state law ''requires answer.''   This, it
seems. to us, presupposes a case in which answer is required,
and leaves open the question when application to remove must
be made where an amendment which needs no answer creates
a removable suit.

Was answer required to be filed at all?   The petition
alleges that certain acts of the defendant injured the plain-
tiff, wherefore three thousand dollars was due.   The general

2. PLEADING:
petition fol-
lowed by gen-
eral denial:
amendment
increasing
prayer for
damages: non-
necessity for
new answer.

denial asserts that defendant has done none
of these things and that, therefore, neither
three thousand dollars, nor, of course, any
larger sum, is due.   Such answer is, in a sense,
anticipatory, so far as meeting any enlarged
claim for the same injury is concerned.   After
the defendant had denied injuring the plaintiff at all, a sub-
sequent statement that the denied acts had caused more
damage than was originally claimed was necessarily met in
advance by said denial.   So long as there remained a denial
of all acts alleged to have caused injury, and of all damage,
no additional answer was required to deny that the damage
amounted to six thousand dollars.

In *Mann v. Howe,* 9 Iowa 546, we hold that an answer
which merely denies the amount of defendant's indebtedness
as claimed by plaintiff, without denying his cause of action,
does not entitle to a trial, but leaves the one thus answering
substantially in default.   Since making mere denial that there
was an indebtedness in the sum of $6,000 would be of no avail,
and would still leave the maker precisely as though he had
made none, it must follow that no such denial is necessary.
It cannot be possible that an answer is required which, in law,

leaves the one making it in default. In *Brown v. Ellis,* 26 Iowa 85, it is ruled that, where there is an answer to the original petition in certiorari, an answer to an amended petition which is but a repetition of the matter contained in the original is not necessary. To the same effect is *Peacock v. Gleesen,* 117 Iowa 291. On the ground that such amendment "changes no allegation of fact," it is held in *City of Topeka v. Sherwood* (Kans.), 18 Pac. at 934, there was no error in refusing leave to answer a complaint amendment raising the amount of damages.

In *Yates v. French,* 25 Wis. 661, the exact point seems to be ruled. There, the complaint was amended by increasing the amount of damages claimed on the facts alleged in the original complaint, and it was held that the answer to the original complaint stands as the answer to the amended complaint, and that it was error to permit plaintiff to take judgment because no answer had been filed to the amended complaint. As said, the original answer here operated as a complete defense on paper to the petition as amended. Therefore, there is no requirement that that which was already pleaded should be repleaded, and by rule time. While the statute does require amendments to petition, generally, to be pleaded to within a time fixed, this has no application to cases wherein no pleading is required. Wherefore, we are constrained to hold that if this removal petition was filed too late, it is because of something other than the time rule adopted by the Federal statute. But as appellee rightly suggests by argument in the alternative, though this statute rule does not govern, there is, of course, a limitation upon the time at which such petition may be effectively filed. Appellee urges that defendant had constructive notice of the steps that ended with the filing of said amendment, and that such notice is of controlling effect.

II. Assume that defendant had constructive notice of the filing of the amendment, and there remains the question

whether such notice has, here, the effect of actual knowledge.

3. NEGLIGENCE: laches: knowledge presupposed: actual and constructive knowledge contrasted.

Appellee contends that the cases cited for appellant are not authority for the position that, when a party gets constructive notice of a removable suit on November 4th, a petition to remove, filed on November 17th, is timely. That some of these citations are well objected to is true. As is not altogether unusual, both parties indulge in some briefing and argument that is irrelevant. It may be true, though we think it will prove immaterial, that in none of the cases cited is there construed a statute similar to our own. In like case is the claim that the time for effective transfer is not a matter of judicial discretion. *Fritzlen v. Boatmen's Bank*, 212 U. S. 364, is but a decision that one remand is no bar to a second removal if conditions so change as to warrant a second removal. *Northern P. R. Co. v. Austin*, 135 U. S. 315, decides merely that the creation of a removable cause is no basis for complaining of retention in the state court, in the absence of an application to remove. Neither *Daugherty v. Western U. T. Co.*, 61 Fed. 138, nor *Adams v. Puget Sound T. L. & P. Co.*, 207 Fed. 205, is relevant on the effect of constructive notice, because, in each, defendant delayed removing too long after actual notice. We hold in *Wilson v. Godfrey*, 145 Iowa 696, that the record of a regularly conducted tax sale is constructive notice to a subsequent mortgagee of the lien thus created; but that does not touch whether *laches* can be based on constructive knowledge, without more. And so, while *Wagner v. Tice*, 36 Iowa 599, compels a litigant to take notice of motions without notice other than constructive, this reiterates the statute, and again does not rule on whether less than actual knowledge can initiate negligent delay.

In the end, appellee apprehends that no matter what the briefs fail to do, the real question is whether defendant was negligent. So much is conceded by his argument that "plaintiff cannot be held responsible for the negligence of defend-

ant's attorney." The record shows clearly that defendant had no actual knowledge of the amendment until the very day on which it applied for transfer. The matter for decision is, therefore, whether a party, assuming him to be without fault in not obtaining actual knowledge, can be guilty of *laches* for failing to act upon what he knows by construction only. Is one guilty of laches who moves as soon as he knows that which calls for action because, before he gets actual knowledge, he has constructive notice which, if actual, would call for action at once? That constructive notice is the equivalent of actual notice in the sense of fixing rights or imposing obligations is undoubted. But how can such notice ever establish *scienter?* The right to remove may be lost, either by failing to obey a mandatory statute rule, by negligence, or by such conduct as implies a consent to remain in the state court. Can one be guilty of negligence, or effectuate a waiver, or give a consent, when actually in ignorance that there is anything to do, waive, or consent to? Suppose the statute made it a felony knowingly to buy mortgaged chattel property. The record of the mortgage gives the buyer of the property covered by it such constructive notice as that his title would be subject to the mortgage though he knew nothing of such record. But will anyone contend that such buyer could be sent to the penitentiary for doing this buying if it were found he had no actual notice of the record? The books all couple the word "guilt" with "negligence" and "laches," and there cannot be "guilt" by construction. To be guilty of negligence for failing to move with diligence as to an existing matter is an affirmative mental condition—involves *scienter*. Constructive notice is notice to all, but it does seem manifest, for instance, that an insane person would not be chargeable with negligence because of failure to act upon what is undoubted constructive notice. Though there were no statutes extending time to sue until the disability is removed, constructive notice to a lunatic could not base laches.

In essence, the position of appellee is that one may be

negligent because he is not controlled by the existence of something of the existence of which he is unaware; that a litigant knows what he does not know, merely because filing is, for some purposes, the only notice to which he is entitled. We think the authorities rightly recognize a distinction between the effect of constructive notice in creating rights and priorities and its availability as basis for charging negligence, and that appellee ignores this distinction.

Not many, if any, of the cases speak to the precise question. In dealing with circumstances like those at bar, most of them stop with the statement of the general proposition that filing of the petition to remove is in time if that be done as soon as it becomes known that a removal suit exists. *Powers v. Chesapeake & O. R. Co.*, 169 U. S. 92, 101; 2 Bates, Fed. Proc. Sec. 819; *Boatmen's Bank v. Fritzlen*, 89 Pac. (Kan.) 915; Black's Dillon, Removal, Sec. 155; *Enders v. Lake Erie & W. R. Co.*, 101 Fed. 202. They hold that applicant must move promptly after he is advised that there is occasion to move. *Yarde v. Baltimore & O. R. Co.*, 57 Fed. 913, 915. He must exercise reasonable promptness. *Enders' Case*, 101 Fed. 202. All these leave open the application of their rule. To use the words of *Enders' Case*, ''What is the degree of promptness that must be exercised?'' Speaking concretely, is defendant negligent merely because he does not file petition to remove for thirteen days after he has constructive notice that he has the right to remove, though he files as soon as he has actual notice of such right?

In *Jameson v. Rixey*, 26 S. E. (Va.) 862, right column, in which, as will presently appear, there was unquestioned constructive notice, it is said to be elementary doctrine that laches cannot be imputed to one who is ignorant of his rights. The rule, upon which much stress is laid—that a party properly brought into court is chargeable with notice of all subsequent steps taken in the case down to and including the judgment, although he does not in fact appear, and has no actual notice thereof—is a general rule. 29 Cyc. p. 1116 (B). It

was undoubtedly not ignored in the *Jameson Case, supra.* But, notwithstanding its existence, the plaintiff in that suit was held not guilty of laches for delaying the assertion of a decree twenty years, she having brought the suit within two years after learning of her lien by having occasion to examine the record in the suit in which said decree had been entered in her favor.

To a certainty, the rule that a suitor is charged with constructive notice of the steps taken in his suit is not better established than that rule which charges all men with having knowledge of the law. Yet a plaintiff has been allowed to withdraw a pleading filed by him in Federal court, to which the suit had been removed, and to file motion to remand, where it was made to appear that he had pleaded, and failed to move for remand, because he was ignorant of a certain construction of the removal statute on the part of the Supreme Court. See *Collins v. Stott,* 76 Fed. (Conn.) 613, approved in Black's Dillon on Removal, Sec. 154.

*Fogarty v. Railway,* 121 Fed. (Cal.) 941, is, in our opinion, substantially in point. There, the plaintiff notified defendant on February 7th that on that day he would move to set the case for trial. Plaintiff appeared and moved the dismissal of the action against one Nelson, whom plaintiff had joined as a defendant with the defendant railway company. On this 7th day of February, dismissal as against Nelson was granted by an order entered in the minutes, and thus a removable suit created. The defendant company was unrepresented on that occasion, "and, so far as the record shows, was at no time notified of the dismissal of the action as against its co-defendant Nelson." Thereafter, the defendant company presented petition and bond for removal. The time of this presentation does not appear in the record. Nor does it appear when this defendant first learned of the dismissal of the action as to Nelson. While, as said, it does not appear just when the petition and bond were filed, it does appear that the motion to remove was granted on February 26th,

twenty-one days after the entry of order dismissing the action against Nelson. On motion to remand, it was held that the application to remove was made within a reasonable time after the right of removal arose. Clearly, this decision does not adopt the view of the appellee as to the effect of constructive notice. It is safe to assume that the Federal court passing upon *Fogarty's Case* did not act in ignorance of the general rule affecting the suitor with notice of the steps taken in his suit. Nor may it well be claimed that an order of dismissal entered in the minutes, and creating a removable suit, did not impart constructive notice as effectively as the filing of an amendment to a petition. We think the *Fogarty Case* proceeds upon sound lines in the treatment of the effect of constructive notice as bearing on laches.

III. Something is claimed for the fact that defendant filed an amendment to its answer on November 12th—eight days after plaintiff filed amendment to petition, and five days before defendant filed petition for removal.

**4. REMOVAL OF CAUSES: waiver of right to remove: knowledge of conditions: necessity for.** This amendment to answer was not in response to plaintiff's amendment to petition. It was a mere amplification of the general denial, in that it set out some reasons why defendant was not liable. It was filed in ignorance that plaintiff had amended his petition. The amendment itself was never answered. We think this point is disposed of by what we have said in division II. If being in fact without knowledge that plaintiff had filed an amendment precludes laches until such knowledge is, in reason, obtained, no right to remove can well have been waived by filing a pleading in ignorance of plaintiff's amendment. A similar point arose in the *Fogarty Case, supra*. The attorney for defendant had unsuccessfully applied for a change in the time of trial fixed, and it was there said: "As no notice of the dismissal appears to have been given and the request for change of time of trial was, so far as appears, made in ignorance that the right to remove had come into existence, there was no waiver of the

right to remove by its verbal application for a change of time.''

IV. It is suggested, in a way, that the application came too late in any event, because it was not made until after the trial of the instant case had been begun. We are not pre-

5. REMOVAL OF CAUSES: laches: filing petition after commencement of trial.

pared to hold that the mere fact of not filing a petition for removal until after trial in the state court is begun would necessarily establish laches. The right to remove after amend-

ment creates a removable suit rests upon estoppel by conduct of plaintiff which prevents his insistence upon the time rule which would apply if such a suit had been created by the original petition. Consequently, if any act of plaintiff delays filing petition for removal past the beginning of trial, he would be as much estopped to urge this delay as any other for which he was blamable. No such time limit as this can be established as matter of law. Passing that, this record

6. APPEAL AND ERROR: abstract of record: undenied allegation: precedence over affidavit.

fails to show that the trial had begun when the removal petition was filed. There is no evidence of this except an affidavit by counsel for plaintiff which states, as a conclusion,

that the filing was not had until after trial had begun. This, however, is weakened because of the accompanying statement of fact that the petition was filed ''when the cause had proceeded to trial and the work of empaneling a jury was about to begin.'' It is difficult to apprehend just how the trial had been begun at a stage of the case when the empaneling of the jury ''was about to begin.'' At any rate, the utmost this comes to is a showing by the abstract that counsel made such affidavit. The abstract, which is not challenged in any way, recites that defendant filed the petition on November 17th, that the court overruled it, and that ''thereupon this cause was called for trial on the 17th of November, 1913.'' The making of affidavit by counsel to the effect stated cannot overthrow the record as thus made by the abstract, which

establishes that trial was begun after the application to remove had been denied.

V. The epigrammatic statement that if constructive knowledge "is not knowledge for a period of seventeen days it would not be knowledge for any period" has two edges. It may mean that one minute of constructive notice is as potent as many days of such notice, or that one may be negligent by waiting too long in getting actual knowledge of a record which imparts notice by construction. The first interpretation furnishes a strong argument against appellee. When no plea is necessary, the statute which requires plea to be made by, and therefore gives time to plead until, the morning after that is filed which is to be pleaded to, does not govern. Therefore, a single minute of constructive notice will initiate negligence, and there would result the unthinkable requirement that defendant must mount guard in the court room and clerk's office during every moment they remain open, so that he may not sin away the right to remove by failing to act instantaneously upon the filing of an amendment which creates a removable suit.

The other interpretation to which the words of appellee are susceptible asserts rightly that one may be negligent by delaying action until he has actual knowledge of a record which makes action due. Our holding that mere constructive knowledge is not enough to establish negligence does not relieve the party who remains ignorant of the record because he fails to exercise the diligence required by ordinary care and prudence. One may be guilty of inexcusable neglect in proceeding on the erroneous theory that a judgment against him is based on a return of personal service, when the return shows substituted service, and there is no excuse for the failure to examine the return. *Myrick v. Edmundson*, 2 Minn. 259. It is held in *Teall v. Slaven*, 40 Fed. (Cal.) 774-780, that where a deed, alleged to be fraudulent, bears evidence of fraud upon its face, and has been of record for thirty years, it affords just as strong evidence of fraud to

the parties defrauded as it does to subsequent purchasers, although statutory constructive notice operates as to such purchasers only. While the rights of the defrauded ones are not affected by constructive notice, they are affected by lack of diligence ''in asserting their rights and pursuing their remedies.''

So we reach the pivotal question: Is there anything in this record which justifies a finding that defendant was negligent in failing to learn the state of the record earlier than it did? Of course, the exercise of absolute diligence and care, mounting guard in the way before pointed out, would have advised of the filing on the instant of the filing. But negligence in law is not made out by failure to employ absolute care. The erection of high walls on both sides of a railroad track and employing effective guards at every crossing would practically prevent the injuring of trespassers. But the absence of such walls and guards does not establish actionable negligence. And the law of negligence is, for all practical purposes, a set of rules defining how far absolute care may be departed from, without liability. Negligence is not failure to do all possible, but failure to do what ordinary prudence dictates—and this is the standard which defendant must meet. In taking no steps to learn of this filing, did it fail to do what persons of ordinary prudence should and would have done in the circumstances? In the general sense, that it would be bound by amendments made whether it had actual knowledge of them or not, defendant was bound to ascertain what amendments were filed; but it was not negligent for failing to look out for amendments which it had reasonable cause to believe would not be filed. So, for instance, and despite constructive notice and the absence of requirement to give actual notice of filing, it would not be negligence to get no knowledge of an amendment, had there been stipulation that none should be filed. Though the party is affected with notice of all done up to final judgment,

7. REMOVAL OF CAUSES: negligence in demanding removal: excusable failure to learn facts.

we have always annulled a change in an announced ruling made without actual notice. To make negligence, here, defendant should (1) have been in reason bound to anticipate amendment as to amount of recovery, or (2) have anticipated what, in a sense, is a fraud.

Some time in August, plaintiff, apparently knowing all the injuries he had sustained, filed a demand for three thousand dollars, exactly the highest amount that would avoid removal. We do not say that such was the purpose of fixing the *ad damnum,* but may properly say, as bearing upon the diligence of defendant, that the amount of damages sought to be recovered in tort cases is often limited so that there may not be a removal to the Federal court, and that defendant here might not unreasonably assume that the one thing plaintiff would never do would be to amend himself into a removable suit. We have held that, though a newspaper publication complies literally with the statute, yet, if publication be made in an obscure paper in the hope that the defendant will not see the notice, this amounts to a fraud, although the letter of the statute has been complied with. So, if this plaintiff, indulging in a literal compliance with the statute, deliberately filed this amendment without giving actual notice, in the belief that defendant had reason to think none such would be filed, and with intent to keep defendant from being advised of the filing until it was too late, this, too, within the analogy of the aforementioned method of notice by publication, would operate as a fraud, although the filing did, for some purposes, give constructive notice. We do not say that plaintiff was actuated by any such motive, but wish to make clear that defendant should not be held to be negligent because it took no precautions to guard against filing with such motive. It does not lie in the mouth of plaintiff to say that defendant was guilty of laches because it refused to suspect the possibility of plaintiff's being guilty of fraudulent practices.

We are of opinion that, if the filing of plaintiff's amendment did give constructive notice, it was not here the equiva-

lent of actual notice; that constructive notice alone will not base negligence for failure to act upon such notice, and that the defendant was not negligent in obtaining actual notice. It follows that there was no unreasonable delay in the filing of petition and bond for removal, and that the trial court erred in overruling said petition. The judgment appealed from is reversed, and the order overruling the application to remove is annulled and reversed. The district court of Iowa, in and for Dallas county, has lost jurisdiction of this cause, and will proceed therein no further, save to grant the removal as prayed, for which purpose the cause is remanded.—*Reversed and Remanded.*

DEEMER, C. J., LADD and GAYNOR, JJ., concur.