# NORTHERN PACIFIC RAILROAD COMPANY *v.* AUSTIN.

ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 289. Submitted April 22, 1890. — Decided May 5, 1890.

An amendment to a complaint in an action pending in a state court, allowed by the court after the evidence was in, by which the *ad damnum* clause was increased from a sum too small to allow the defendant to petition to have the cause removed to the Circuit Court of the United States to a sum in excess of the jurisdictional sum necessary for that purpose, cannot be reviewed here if the defendant, after such allowance, files no petition for such removal.

AUSTIN brought his action in the District Court of Otter Tail County, Minnesota, to recover damages for the burning of certain growing trees on his land by fire, set by an engine of the Northern Pacific Railroad Company, his complaint alleging the trees to have been of the value of $475, and that he was damaged in that sum, and demanding judgment for that amount, with costs and disbursements. The defendant put in a general denial. The cause coming on for trial, the record states that "after the jury had been duly empanelled and sworn, and before the commencement of the trial, the plaintiff asked to amend his complaint by increasing the *ad damnum* clause therein from the sum of four hundred and seventy-five dollars, the amount originally stated and claimed in said complaint, to the sum of one thousand dollars. To this amendment the defendant objected upon the ground that to allow the same would be an abuse of discretion, and prevented defendant from securing the removal of said action from the above-named court to the Circuit Court of the United States, where it would be entitled to have the same tried had such amendment been moved for at the proper time and granted. The court took under consideration the matter of allowing said amendment." The trial was then proceeded with, and the evidence tended to show that the damages sustained were much greater than $500. Upon the conclusion of

the plaintiff's case, he renewed his motion "to amend his complaint to make the same conform to the testimony. Whereupon the amendment was granted by the court allowing the plaintiff to claim damages in the sum of one thousand dollars, and to which amendment the defendant duly excepted. . . . Plaintiff also renewed his motion to amend the *ad damnum* clause of the complaint. The motion was granted, defendant excepting." The jury found a verdict for the plaintiff and assessed his damages at $750, and judgment was rendered accordingly. The defendant appealed to the Supreme Court of Minnesota, by which the judgment was affirmed, and thereupon a writ of error was sued out from this court.

*Mr. James McNaught, Mr. W. P. Clough, Mr. A. H. Garland* and *Mr. H. J. May* for plaintiff in error.

*Mr. M. D. Grover* and *Mr. J. W. Mason* for defendant in error.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court:

The contention of plaintiff in error seems to be that the right to remove the suit into the Circuit Court of the United States for the District of Minnesota, under the act of March 3, 1875, was specially set up or claimed by it; that the decision was against the right so set up or claimed; and that, therefore, this court has jurisdiction. But the difficulty with that view is, that when the amendment was permitted to be made, after the evidence had satisfied the trial court that its allowance was proper, the defendant filed no petition and made no application to remove the cause. It is true that, when the plaintiff first applied to amend, the defendant objected upon the ground that it would be an abuse of discretion, because the defendant would be obliged to submit to a trial when the amount actually involved would have entitled it to a removal, if that fact had appeared when the suit was commenced or if the amendment had been made at an earlier stage of the case. This was by way of argument, and upon the theory that the

plaintiff had purposely laid his damages in the first instance at a sum which did not permit a removal, and then sought to increase the *ad damnum* after the trial commenced and when it was assumed to be too late to remove.

The Supreme Court of Minnesota, in passing upon the action of the District Court, *Austin* v. *Northern Pacific Railroad*, 34 Minnesota, 473, held that "in respect to the propriety of allowing amendments, the court can make no distinction between cases exclusively triable in the state court, and those claimed to be removable to the United States courts. If the case is one in which an amendment might properly be made in the former class of cases, then it may be made in the latter, because the action of the court is authorized by law, and, while a case remains in the state court and under its jurisdiction, no party can legally complain of proceedings which are in conformity with the laws of the State. There being no complaint that the case was not in itself a proper one for the exercise of the discretion of the court in the allowance of the amendment, under the practice in this State, we think the objection was properly overruled. . . . But there is nothing upon the record in this case to show that the plaintiff's course was a device to prevent a removal. According to the practice as understood and actually prevailing in the United States courts of this circuit when this action was tried, the defendant would not have been entitled to a removal if the complaint had been amended before the case came to trial. *Myers* v. *Union Pacific Railway Co.*, 16 Fed. Rep. 292. But the Supreme Court of the United States subsequently held, by a divided court, that corporations, like the defendant, created and organized under the laws of the United States, were entitled to remove suits against them to the United States courts. *Pacific Railroad Removal Cases*, 115 U. S. 1. Under the circumstances, therefore, we are not warranted in concluding that the allowance of the amendment was an abuse of discretion. If the facts were such as to warrant the inference that the plaintiff purposely brought the action for a smaller amount in order to prevent a removal, and afterwards secured the amendment, a different question would be presented."

Nothing is better settled than that to enable us to take jurisdiction on the ground of the denial by a state court of a right claimed under a statute of the United States, the record must show that the right was specially set up or claimed at the proper time and in the proper way, and that the decision was against the right so set up or claimed. *Spies* v. *Illinois*, 123 U. S. 131; *Chappell* v. *Bradshaw*, 128 U. S. 132. As the defendant did not apply for the removal of the cause, the right now claimed under the statute was not denied by the District Court, nor by the Supreme Court in affirming the judgment. If the application had been made, the question would then have arisen whether it came too late under the circumstances. The defendant was not entitled to remove the suit as originally brought "before or at the term at which such cause could be first tried, and before the trial thereof." But the objection to removal, depending upon the absence of the jurisdictional amount, was obviated by the amendment. As the time within which a removal must be applied for is not jurisdictional, but modal and formal, *Ayers* v. *Watson*, 113 U. S. 594, 598, it may, though obligatory to a certain extent, be waived. And as, where a removal is effected, the party who obtains it is estopped upon the question of the time, so, if the conduct of the plaintiff in a given case were merely a device to prevent a removal, it might be that the objection as to the time could not be raised by him. If, on the other hand, the motives of the plaintiff could not be inquired into, or, if admitted, would not affect the result, as in most cases of remittitur, *Thompson* v. *Butler*, 95 U. S. 694; *Pacific Postal Telegraph Co.* v. *O'Connor*, 128 U. S. 394, the defendant would simply suffer for want of comprehensiveness in the statute. The amendment here was held to have been properly allowed, and we have no power or disposition to interfere with the action of the court in regard to it. The only importance it has, is in its bearing upon the charge of bad faith in respect to the right of removal, and that question cannot properly arise in the absence of an application to remove.

　　*The writ of error must be dismissed, and it is so ordered.*