# REMINGTON *v.* CENTRAL PACIFIC RAILROAD COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF NEW YORK.

No. 460.  Submitted March 6, 1905.—Decided April 17, 1905.

This court has jurisdiction of a writ of error, upon a judgment dismissing the suit for want of jurisdiction, when it appears in due form that the ground of the judgment was want of service on defendant and that the plaintiff denied the validity of the removal of the case from a state court.

If a petition to remove is filed as soon as it appears in the case that the amount in controversy is sufficient to warrant removal it is filed in season even if the time for answer has expired under the New York practice, notwithstanding failure to serve a complaint as to which *quære*.

Following up a motion to stay in the state court the day after notice of the amount in controversy, and obtaining an order relieving defendant from any technical default, which order took effect the same day that the petition for removal was filed, two days after such notice does not estop defendant from removing the suit. The facts appearing of record, an allegation in a petition for removal that the time has not arrived at which defendant was required to answer or plead is sufficient.

Presenting the petition to a judge in chambers satisfies the statute.

Although the state court, before removal, has refused, subject to an appeal, to set aside a summons, the Circuit Court has power to reopen the question and to set the summons aside.

*Semble,* service on a director of a corporation, which is doing no business and has no property in the State, when he is casually in the State for a few days, is bad.

THE facts are stated in the opinion. ·

*Mr. James G. Flanders* for plaintiff in error.

*Mr. Maxwell Evarts* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a writ of error to the Circuit Court upon a judgment dismissing the action for want of jurisdiction of the defendant. That question is certified from the court below.

The action was brought in the Supreme Court of the State of New York on April 10, 1903, by serving a summons on a director of the defendant in error, the railroad. On April 22 the plaintiff's attorney gave twenty days' additional time to the defendant in which to appear generally or specially or to move to vacate the summons. On May 11 a firm of lawyers gave notice of a motion to set aside the service, and also that they appeared only for that purpose. An agreement was made giving the defendant time to appear after the motion was decided. The motion was not decided until September 28, 1903, when it was denied and an order to that effect was entered on October 2. The defendant's attorneys filed a notice of appeal on October 15, and the next day gave notice of a motion to stay proceedings on the order, to be made on Octo-

ber 24. On the same October 16 the plaintiff made an affidavit in which it appeared that the sum which he sought to recover was more than $2,000. This contained the first definite notice to defendant, as no declaration had been filed. An order to take plaintiff's deposition and this affidavit were served on the defendant on October 23. On October 26 a petition for removal to the United States Circuit Court was presented by the defendant to a judge of the state court in chambers and the bond was approved. Before the petition for removal was filed the motion for a stay came up on October 24 in the state court and was argued, and a stay was ordered, the defendant at the same time being relieved from any default in appearing. The matter of the appeal was not passed upon. This order was entered on October 26. On November 4 the record was filed in the United States Court.

In the Circuit Court the defendant renewed its motion to set aside the service of the summons, the plaintiff objecting on various grounds, which will be dealt with, and moving to remand the case. On July 23, 1904, the court granted the defendant's motion and overruled the plaintiff's, and on August 30 a judgment was entered dismissing the action for want of jurisdiction of the defendant. See *Wabash Western Ry.* v. *Brow*, 164 U. S. 271. The plaintiff's rights were saved by a bill of exceptions, the form of the judgment and a certificate of the judge, and the case now is brought here.

It is objected by the defendant that this court has not jurisdiction, on the ground that it does not appear that the want of jurisdiction of the court below as a Federal court was the ground of the judgment. But it appears clearly that the ground of the judgment was the absence of service on the defendant, and that the plaintiff denied the validity of the attempt to remove. See *Excelsior Wooden Pipe Co.* v. *Pacific Bridge Co.*, 185 U. S. 282, 284, 285, and cases cited. The former question was decided to be subject to review on error by this court in *Shepard* v. *Adams*, 168 U. S. 618. That case has not been overruled. The latter question was held also

proper to be brought here, in *Powers* v. *Chesapeake & Ohio Ry.*, 169 U. S. 92. The jurisdiction of this court must be sustained.

Coming then to the motion to remand it is said that the petition to remove was filed too late, because the time for answer had expired. It would be a strong interpretation of the New York Code of Civil Procedure, § 418, to say that it requires an answer within twenty days after the summons when no complaint or even notice stating the sum of money for which judgment will be taken, § 419, has been served. See *Dancel* v. *Goodyear Shoe Machinery Co.*, 106 Fed. Rep. 551. But it is a sufficient reply to the motion and to the objection to the removal that the petition was filed as soon as the case became a removable one. *Powers* v. *Chesapeake & Ohio Ry.*, 169 U. S. 92; *Kansas City Suburban Belt Ry.* v. *Herman*, 187 U. S. 63, 67, 68. The suggestion that the defendant was estopped by the fact that it followed up its motion to stay in the state court in accordance with its notice, on October 24, when the right to remove had been made to appear the day before, seems to us too technical, supposing it to be open here. Indeed it was a proper preliminary in one respect. The order made on that motion was "that the defendant be relieved from any default in appearing herein, and that all proceedings on the part of the plaintiff be stayed, pending said appeal and until ten days after the decision thereof, except" an order for the examination of the plaintiff. It did not estop the defendant from insisting on a substantial right that it got rid of a purely formal objection which still is pressed—in our opinion without ground. *Dancel* v. *Goodyear Shoe Machinery Co.*, 106 Fed. Rep. 551. The order did not take effect until October 26. *Wilcox* v. *National Shoe & Leather Bank*, 67 App. Div. N. Y. 466; *Hastings* v. *Twenty-third Ward Land Improvement Co.*, 46 App. Div. N. Y. 609; *Vilas* v. *Page*, 106 N. Y. 439, 455.

It is urged that the petition did not justify removal, because the allegation that the time had not arrived at which the defendant was required to answer or plead was an allegation of a conclusion of law. Allegations which involve such conclu-

sions import that the facts which justify them are true. Many such allegations are permitted to avoid an intolerable prolixity on matters not likely to be controverted. *Haskell* v. *Merrill,* 179 Massachusetts, 120, 123; *Alton* v. *First National Bank of Webster,* 157 Massachusetts, 341, 343; *Commonwealth* v. *Clancy,* 154 Massachusetts, 128, 132; *Windram* v. *French,* 151 Massachusetts, 547, 551; Evans, Pleading, 1st ed., 48, 139, 143–146, 149–157, 164. The facts appeared of record. When the defendant expected the plaintiff to demand more than $2,000 is immaterial. The only material point is when the demand was stated in the case. Assuming the objection to be open here, if there was any defect, which we do not imply, it was but a defect of form. *Powers* v. *Chesapeake & Ohio Ry.,* 169 U. S. 92, 98, 101. The presenting of the petition to a judge in chambers, and the filing of it in the state court, satisfied the statute. See *Noble* v. *Massachusetts Benefit Association,* 48 Fed. Rep. 337; *Loop* v. *Winters' Estate,* 115 Fed. Rep. 362.

We come then to the setting aside of the summons. We assume, for purposes of decision, as we already have assumed, that *Shepard* v. *Adams,* 168 U. S. 618, is consistent with the decisions that the jurisdiction of the Circuit Court as a Federal court only is in question. *Louisville Trust Co.* v. *Knott,* 191 U. S. 225; *Bache* v. *Hunt,* 193 U. S. 523; *Courtney* v. *Pradt,* 196 U. S. 89. If there has been no valid service the court has no power, and a distinction is possible between such a case and a mere question touching the proper limits between equity and law, or the traditional authority of the court. We leave *Shepard* v. *Adams* as we find it, since a reconsideration of the point is not necessary to decide the present case. It is said that the decision of the state court, although appealed from, was *res judicata.* But it stood no higher than a similar decision made by the Circuit Court, if the case had been begun before that court. It may be that the defendant would have had no right to renew its motion, but the Circuit Court would have had power to give it leave. If the Circuit Court was satisfied that it, or its predecessor the state court, had made a mistake,

it had power to reopen the matter. It did so and its action in that respect is not open to question here. However stringent may be the practice in refusing to reconsider what has been done, it still is but practice, not want of jurisdiction, that makes the rule.

The plaintiff in error does not argue the merits of the order of the Circuit Court. Assuming that they, as well as the jurisdiction of the court to make the order, are open here, we see no sufficient reason for disturbing the decision. The Circuit Court was warranted by the affidavits before it in finding that the defendant was doing no business and had no property in the State of New York, and that the service on a director casually within the State for a few days was bad. *Conley* v. *Mathieson Alkali Works*, 190 U. S. 406; *Geer* v. *Mathieson Alkali Works*, 190 U. S. 428. The arguments do not seem to us to need to be noticed in greater detail.

*Judgment affirmed.*