JOHNSON, Respondent, v. HOME LIFE INS. CO. OF N. Y., Appellant.

(252 N. W. 641.)

(File No. 7568. Opinion filed February 13, 1934.)

248

*Fletcher & Fletcher,* of Aberdeen, for Appellant.

*Van Slyke & Agor,* of Aberdeen, and *Thomas Mani,* of Milbank, for Respondent.

CAMPBELL, J.     Defendant having issued its policy of insurance upon the life of plaintiff with provisions therein for certain payments should plaintiff become totally disabled by bodily injury or disease, and plaintiff having suffered a bodily injury whereby he claimed that he was totally disabled, the present action was instituted to recover upon the policy. By agreement the cause was tried to the court without a jury. The complaint as served and filed asked the recovery of approximately $2,200. After the submission of the cause, but prior to the decision thereof by the learned trial judge, plaintiff moved for leave to amend his complaint to correspond with the proof so as to ask the recovery of approximately $6,000, which motion was granted. Findings, conclusions, and judgment were in favor of plaintiff, awarding him a recovery in the full amount sought by the amended complaint, and defendant has appealed.

Appellant assigns error upon the leave granted to amend the complaint "for the reason that such conduct of the lower Court deprived the defendant of a right to a removal of the cause from the state courts to the federal courts, there being under the undisputed evidence, a diversity of citizenship, and under the amended complaint an amount in controversy exceeding the sum of $3,000.-00." The application for leave to amend was brought on for hearing by order to show cause duly served on appellant, notwithstanding which appellant made no appearance in the matter and no objection to the amendment. Neither did appellant make any effort to remove the cause to the federal court after the amendment was allowed, although it could have done so. Northern Pac. Ry. Co. v. Austin (1890) 135 U. S. 315, 10 S. Ct. 758, 34 L. Ed. 218; Remington v. Central Pac. Ry. Co. (1905) 198 U. S. 95, 25 S. Ct. 577, 49 L. Ed. 959; Ft. Smith, etc., Ry. Co. v. Blevins (1913) 35 Okl. 378, 130 P. 525; Markey v. Chicago, etc., Ry. Co. (1915) 171 Iowa, 255, 153 N. W. 1053; Martin v. Richmond Cotton Oil Co.

(1916) 194 Mo. App. 106, 184 S. W. 127. The sole prejudice which appellant argues that it suffered by reason of the granting of the amendment being nonexistent, no error here appears.

█ Appellant seeks to question the sufficiency of the evidence to support the findings below. Although appellant moved in the court below for a new trial, which was denied, and although appellant has sought to appeal from the order denying its application for new trial, nevertheless appellant in this court has failed to make any assignment predicating error on the denial of the new trial, and respondent upon the oral argument has earnestly urged the lack of such assignment upon our attention. It has many times been held by this court that, lacking such an assignment of error, the sufficiency of the evidence to support the findings of the trial court is not open to consideration upon the appeal. Whaley v. Vidal (1910) 26 S. D. 300, 128 N. W. 331, Berke v. McCook County (1917) 39 S. D. 579, 165 N. W. 985; O'Lien v. Winesburg (1927) 52 S. D. 8, 216 N. W. 550.

It follows that the judgment and order appealed from must be, and they are, affirmed.

All the Judges concur.