RENSVOLD, Appellant, v. HOLDRIDGE, et al, Respondents.

(268 N. W. 902.)

(File No. 7935. Opinion filed September 21, 1936.)

*J. H. Lammers,* of Madison, for Appellant.

*Chas. J. Porter,* of Madison, for Respondent H. H. Holdridge, executor.

CAMPBELL, J. Annie Fuller married Albert E. Fuller in 1881, at which time the husband had a son, Frank C. Fuller, by a previous marriage. In 1902 Annie Fuller and her husband acquired title to lot 3 in block 14 of the city of Madison, and in 1911 they acquired title to lot 2 in the same block; the deeds in each instance being taken in the name of Annie Fuller. In 1924 Annie Fuller and Albert E. Fuller, her husband, executed a warranty deed conveying to Frank C. Fuller (the son of Albert E. Fuller and stepson of Annie Fuller) lot 3 and the south four feet of lot 2 of said block 14 in the city of Madison. In November, 1925, Albert E. Fuller died. For some years after the death of his father, Frank C. Fuller looked after the business and affairs of his stepmother, Annie Fuller, and their relations were apparently entirely amicable. Some controversy arose between them in 1932, however, and on April 28, 1932, Annie Fuller made and executed a deed of the premises last above described to her niece Amanda Rensvold, and on the same day and at the same time Amanda Rensvold made and executed a warranty deed reconveying said premises to Annie Fuller. Both deeds were so executed as to be entitled to record, and the deed from Annie Fuller to Amanda Rensvold was in fact recorded the day after its execution. Annie Fuller died October 1, 1934, and in November, 1934, H. H. Holdridge was duly appointed as executor of her last will and testa-

ment. In December, 1934, Amanda Rensvold as plaintiff instituted the present action against Frank C. Fuller and H. H. Holdridge as executor of the estate of Annie Fuller, claiming to be the owner and entitled to the possession of the said lot 3 and south four feet of lot 2 in block 14, city of Madison, and seeking to quiet the title thereto in herself as against all claims of either of said defendants. Defendant Frank C. Fuller answered, claiming title to himself by virtue of the warranty deed to him executed by Annie Fuller and Albert E. Fuller in 1924 as previously recited. H. H. Holdridge as executor of Annie Fuller answered, claiming title as such executor in part by virtue of the deed from Amanda Rensvold to Annie Fuller executed on April 28, 1932, as hereinbefore recited, and also basing his claim in part upon a contention stated in his answer in paragraph numbered 8 thereof in the following language: "That the deed to this Plaintiff by said Annie A. Fuller and said deed back from said plaintiff to said Annie A. Fuller, set out in paragraphs sixth and seventh hereof, were without any consideration and were so made for the sole purpose of cancelling and revoking said conveyance and gift of said premises set forth in paragraph three hereof to Frank C. Fuller and transferring the title to said premises to said Annie A. Fuller all of which was entered into, understood and agreed to by both parties to said deeds and said deed to the Plaintiff was not given or taken by her to make her the owner of said premises but simply to enable her to transfer said premises to said Annie A. Fuller and at the time of making said deeds the said plaintiff had full notice and knowledge of said deed to said Frank C. Fuller." Defendant Holdridge also counterclaimed, asking that title be quieted in him as executor against all claims of the plaintiff Amanda Rensvold and likewise against all claims of his co-defendant Frank C. Fuller. Upon the issues thus joined, the case came on for trial before the court without a jury, and findings and conclusions were in favor of the defendant Holdridge as executor. From the judgment entered accordingly and from a denial of her application for new trial, plaintiff Amanda Rensvold has now appealed. Defendant Frank C. Fuller has not appealed, and consequently the only controversy now before us is that between the appellant Rensvold and the respondent executor.

It appears from the record that the respondent executor is an

attorney at law. He was consulted by Annie Fuller in 1932 at the time of her difficulties with Frank C. Fuller and her efforts to avoid the deed to Frank C. Fuller executed by herself and husband in 1924. It was Holdridge who suggested that she might improve her situation (since the Frank C. Fuller deed had not been recorded) if she executed a deed to some third person and recorded it, at the same time protecting herself by taking a deed back from such third person but withholding it from record. Holdridge was the scrivener of the two deeds executed on April 28, 1932, one from Annie Fuller to appellant and the other from appellant to Annie Fuller, and they were drawn and signed in his office. Being called as a witness in behalf of the defendants, Holdridge testified fully as to his conversations with the decedent Annie Fuller and his advice to her. He further testified that she presently returned to his office with appellant Rensvold; that he then discussed the entire situation again with both Annie Fuller and appellant; and that thereupon the deeds were duly drawn, executed, and acknowledged and both of them delivered by him to Annie Fuller. Appellant interposed no objection to any of this testimony. Thereafter, appellant took the stand in her own behalf in rebuttal and attempted to give her version of what was said and done when she and Annie Fuller were in the office of Mr. Holdridge and the two deeds were drawn and executed. To such interrogation respondent objected upon the ground that appellant was incompetent to testify as to any transactions or conversations with the decedent Annie Fuller (her executor Holdridge being a party to the action) under section 2717, Rev. Code 1919. The objection was sustained, and upon this ruling appellant predicates error.

█ Appellant argues that her testimony with reference to these matters should have been received because respondent Holdridge had previously been permitted to testify with reference thereto. We cannot perceive how this is material. Respondent did not attempt to interrogate appellant with reference to such matters or call appellant to testify thereto. Appellant did not see fit to interpose any objection when Holdridge was thus interrogated. If she had so done, doubtless the ruling of the trial court would have been the same as his ruling upon the objection of Holdridge when ap-

pellant attempted to testify concerning such matters. We think the ruling of the trial court was correct.

All the other assignments of error go to the question of the sufficiency of the evidence to support the findings. Appellant, however, has failed to assign any error upon the denial of her motion for new trial. Upon this record and lacking this assignment of error, the sufficiency of the evidence is not open to consideration upon this appeal. Ireland v. Ireland, 62 S. D. 300, 252 N. W. 852 (1934) ; Johnson v. Home Life Ins. Co., 62 S. D. 247, 252 N. W. 641, (1934), and cases there cited.

The judgment and order appealed from are therefore affirmed.

All the Judges concur.