**WRIGHT v. MISSOURI PAC. R. CO. et al.**
No. 11036.

Circuit Court of Appeals, Eighth Circuit.
July 15, 1938.

Tom Campbell, of Little Rock, Ark., for appellant.

C. E. Daggett, of Marianna, Ark. (J. B. Daggett and Daggett & Daggett, all of Marianna, Ark., on the brief), for appellees.

Before STONE, WOODROUGH, and BOOTH, Circuit Judges.

WOODROUGH, Circuit Judge.

Jimmie Wright appeals from a judgment of dismissal entered against him upon his refusal to prosecute his case further after the court had denied his motion to remand the same to the state court.[1]

He brought the action for damages for personal injuries in the circuit court of Poinsett County, Arkansas, on April 19, 1937, against the Missouri Pacific Railroad Company, Guy A. Thompson, its trustee, and Stacey Edwards, and alleged in his complaint that the plaintiff was a citizen and resident of Arkansas; that the railroad company was a corporation organized under the laws of Missouri; that Thompson, its trustee, was a citizen and resident of Arkansas. Further allegations were that Stacey Edwards was a special agent of the railroad company employed to police the railroad yards at Newport, Arkansas, and that the railroad company and its trustee gave him a gun or pistol to be used in apprehending anyone unlawfully molesting or damaging railroad property or trespassing thereon; that while the plaintiff was peaceably and quietly proceeding homeward in the early evening on a footpath along the west edge of the railroad yards, Stacey Edwards came upon him and negligently and maliciously shot and injured him; that his injuries resulted from "the joint and concurrent negligence of all three defendants" and from their "joint and concurrent willful misconduct." The prayer was for $20,-000 actual and $20,000 punitive damages against "all three of the said defendants jointly."

Summons was issued and served upon the railroad company and the trustee on the day the complaint was filed. It was duly lodged in the clerk's office with the return of the sheriff thereon, the answer day specified therein being "the first day the court meets in regular or adjourned term after twenty days from" April 19, 1937.

On the last day available to them to take such action, on June 14, 1937, the railroad company and the trustee upon notice to counsel for plaintiff presented to the state court their bond and petition for removal to the federal court on the sole ground of diversity of citizenship. It was alleged in the petition for removal that all the defendants (including the defendant Stacey Edwards) were citizens and residents of Missouri. The state court found there was a proper cause for removal and ordered accordingly. Thereafter the plaintiff filed a motion in the federal court to remand on the grounds that the removal bond was defective, that removal had not been taken in time and that the necessary diversity of citizenship did not exist in that defendant Stacey Edwards was in fact a citizen and resident of Arkansas. The court found against the plaintiff on these issues and determined (on evidence not brought here) that Stacey Edwards was a citizen of Missouri. The remand was denied.

Some two weeks afterwards plaintiff submitted an "alias and supplemental motion to remand" on the ground that although a joint cause of action was alleged in his complaint against all three defendants, and no severable controversy was claimed as to either of them, the defendant Stacey Edwards was not joined in the petition for removal. The court entertained this motion and heard argument thereon without any evidence taken as indicated by the record, and denied the motion without reasons assigned in the record.

The plaintiff excepted and refused to proceed further and the order of dismissal was entered from which plaintiff has appealed.

On the appeal the plaintiff-appellant relied in his brief on the single point that where several defendants are jointly sued on a joint cause of action in a state court as in this case, such suit can not be removed to a federal court unless all of the defendants join in the removal. The point is sustained by controlling precedents. Highway Construction Co. v. McClelland, 8 Cir., 14 F.2d 406; Miller v. Clifford, 1 Cir., 133 F. 880, 886, 5 L.R.A.,N.S., 49; Chicago, R. I. & P. R. R. v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055.

The railroad company and its trustee-appellees have not seriously contested the point, but they seek to sustain the court's refusal to remand the case on the ground that the joint defendant, Stacey Edwards, was not served with process up to and including the last day when they were required to petition for removal and that, therefore, his joinder in the petition for removal was not necessary. It is the gen-

---

[1] Such an order of dismissal is appealable. Gay v. Ruff, 292 U.S. 25, 54 S.Ct. 608, 78 L.Ed. 1099, 92 A.L.R. 970, affirming 5 Cir., 67 F.2d 684; Iowa-Nebraska Light & Power Co. v. Daniels, 8 Cir., 63 F.2d 322.

eral rule that a non-resident defendant, although he is charged jointly with other defendants, need not be joined in removal if he has not been served with summons. Hunt v. Pearce, 8 Cir., 284 F. 321; Community Building Co. v. Maryland Casualty Co., 9 Cir., 8 F.2d 678; Hane v. Mid-Continental Petroleum Co., D.C., 47 F.2d 244; Kelly v. Alabama-Q. Graphite Co., D.C., 34 F.2d 790.

After the brief for the railroad company and the trustee had been served, the plaintiff filed a reply brief in which he has in turn conceded the general rule that a joint defendant not served with summons need not be joined in removal, but he presents that the petition for removal herein contained no allegation that the joint defendant Stacey Edwards had not been served with summons prior to the attempted removal. The petition gave no intimation to plaintiff that the other defendants were claiming to have the right on that ground to invoke federal jurisdiction without joining their joint co-defendant. The plaintiff points out that the transcript from the state court does not contain any sheriff's return to the effect that Stacey Edwards was not found or that he was not served. It is stated by counsel for plaintiff that in truth and fact summons in the cause was issued by the clerk of the court in Poinsett County and duly served upon Stacey Edwards by the deputy sheriff of Pulaski County on the very day the suit was brought. Counsel for plaintiff produced a paper purporting to be the original summons under the seal of the court, together with the return of the officer thereon, and stated to the court that the officer who had made the service and return thereof had neglected to remit it to the clerk of the court, but had mailed it to counsel who in turn had inadvertently failed to file it. It is insisted for the plaintiff that no issue was presented to the trial court and no hearing or determination was had on the question whether the joint defendant Stacey Edwards had been served with summons prior to the attempted removal and that plaintiff is entitled to reversal and remand.

■ The problem in removal practice is difficult, and of course this court cannot consider facts not properly brought before it; but the ultimate question is the federal jurisdiction. The plaintiff has not waived his claim of right to try his case in the state court, and if the fact is as he claims,

that the joint defendant Stacey Edwards was promptly served with lawful process in the cause, then the other defendants could not remove alone. The situation before us has come about partly because the plaintiff's attorney has kept the alleged summons and return without filing it, and partly because the railroad company and the trustee failed to allege in the petition for removal the ground on which they claimed the joinder of Stacey Edwards to be unnecessary, Chesapeake & Ohio Railroad v. Cockrell, 232 U.S. 146, 151, 152, 34 S.Ct. 278, 58 L.Ed. 544; Harrelson v. Missouri Pacific Transportation Co., 8 Cir., 87 F.2d 176.

■ We conclude that the record before the district court was insufficient to sustain the federal jurisdiction, Gainesville v. Brown-Crummer Co., 277 U.S. 54, 59, 48 S. Ct. 454, 72 L.Ed. 781; Cf. Hunt v. Pearce, 8 Cir., 284 F. 321, supra, see Southern Pac. Co. v. Stewart, 245 U.S. 359, 365, 38 S.Ct. 130, 62 L.Ed. 345, or to compel the plaintiff to try his case in that forum without the presence of the defendant Stacey Edwards. Fletcher v. Hamlet, 116 U.S. 408, 6 S.Ct. 426, 29 L.Ed. 679; Wilson v. Oswego Twp., 151 U.S. 56, 14 S.Ct. 259, 38 L.Ed. 70; German Sav. & Loan Soc. v. Dormitzer, 9 Cir., 116 F. 471, 473. We should reverse with directions to remand to the state court. But we observe that the failure of appellees to join the joint co-defendant in the removal proceedings may well have been attributable to the fault of the plaintiff in withholding the summons which should have been a part of the state court records. When on the remand to the state court the records of that court are made complete by the filing of the process against defendant Edwards, the railroad company and its trustee may still have the right to join him with themselves in further removal proceedings. It is well settled that a resident plaintiff may not successfully object that removal to the federal court has been taken by non-resident defendants out of time if the delay in removal is justly attributable to the plaintiff's fault. Fritzlen v. Boatmen's Bank, 212 U.S. 364, 29 S.Ct. 366, 53 L.Ed. 551; Northern Pacific R. R. v. Austin, 135 U.S. 315, 10 S.Ct. 758, 34 L.Ed. 218; Powers v. Chesapeake & Ohio R. R. Co., C.C., 65 F. 129; Id., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673; Ayers v. Watson, 113 U.S. 594, 5 S.Ct. 641, 28 L.Ed.

1093; Remington v. Central Pac. R. Co., 198 U.S. 95, 25 S.Ct. 577, 49 L.Ed. 959.

Reversed with directions to remand the cause to the state court without prejudice to further removal proceedings if promptly and properly taken.