## Philadelphia Retail Jewelers Association et al. v. L. & C. Mayers Company, Inc.

*A. A. Feldman*, for plaintiffs.

*Edmonds, Obermayer & Rebmann*, for defendant.

CRUMLISH, J., November 25, 1940.—This is a petition for removal of the cause to the United States district

court. Plaintiff contends that this petition was filed too late and therefore opposes the granting of the prayer thereof.

In order to pass upon the question involved, it is necessary to make a brief statement of the facts appearing on the record. On July 22, 1940, plaintiff, a nonprofit corporation of the first class, on its own behalf, its members, and others who may join it, filed its bill against defendant, a New York corporation, doing business in the City and County of Philadelphia, alleging certain violations of the Pennsylvania Fair Trade Act of June 5, 1935, P. L. 266, and the Fair Sales Act of July 1, 1937, P. L. 2672, and praying for an injunction, damages, and costs. On July 24, 1940, service was accepted on behalf of defendant. On August 19, 1940, preliminary objections to the bill were filed on the ground that, inter alia, plaintiff was not the real party interested in, or entitled to assert the alleged cause of action set forth in the bill and that the bill failed to set forth any injury or damage to plaintiff. Before argument on the preliminary objections, to wit, on September 27, 1940, plaintiff filed an amended bill in which it alleged that the action was brought on its own behalf, on behalf of all its members, and specifically on behalf of five members therein named, whose consent and joinder have been annexed to the bill. The additional parties requested the court to enter an order making them "party plaintiffs", and prayed for relief, damages, and costs for each individual plaintiff. The amended bill made no reference to violations by defendant of the Fair Sales Act of 1937, supra, as such. On October 8, 1940, defendant filed this petition for removal accompanied by an appropriate order and bond.

It is plaintiff's contention that the time limit for filing the petition for removal began to run from the date of service of the original bill and that the filing of this petition more than two months afterwards was not in season. On the other hand, defendant contends that the time for filing the petition for removal began to run from the date

of service of the amended bill and that, therefore, the petition is in time.

The question involved may be stated as follows: Where plaintiff is met with preliminary objections to his bill in equity which, inter alia, question his standing to maintain the action, and thereafter voluntarily files an amended bill to overcome this and other objections, and defendant petitions for the removal of the cause to a Federal court (the jurisdictional facts being of record), within the time limit fixed by our rules of court for the filing of an answer to an amended bill, is the filing of such petition for removal seasonable?

The allegations in the petition for removal, being properly verified, must be accepted by the State court as true: Stone v. South Carolina, 117 U. S. 430, 6 S. Ct. 799, 29 L. Ed. 962; Farmers' Bank & Trust Co., etc., v. Atchison, Topeka & Santa Fe Ry. Co., 25 F. (2d) 23 (C. C. A. 8th, 1928). All issues of fact must be left to the Federal court to determine on motion to remand.

As to whether or not the petition was filed in time, section 29 of the Federal Judicial Code of March 3, 1911, 36 Stat. at L. 1087, 1095 (28 U. S. C. 72), covering the procedure in removal cases, provides:

"Whenever any party entitled to remove any suit mentioned in section 71 of this title . . . may desire to remove such suit from a State court to the district court of the United States, he may make and file a petition, duly verified, in such suit in such State court at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the district court to be held in the district where such suit is pending. . . . It shall then be the duty of the State court to accept said petition and bond and proceed no further in such suit."

Under the Rules of Equity Practice, defendant is required to answer within 30 days of service of the bill. It

is not disputed that more than 30 days have passed since the original bill was filed and served, and if the amended bill had not been filed the petition for removal, without a doubt, would have been too late: Martin's Admr. v. Baltimore & Ohio R. R. Co., 151 U. S. 673, 14 S. Ct. 533, 537-38, 38 L. Ed. 311 (1894).

Does the amended bill have the effect of extending the time limit? The time of filing a petition for removal is not essential to the jurisdiction; the provision on this subject is, in the words of Mr. Justice Bradley, "but modal and formal," and a failure to comply with it may be the subject of waiver or estoppel: Ayers et al. v. Watson, 113 U. S. 594, 597-599; Northern Pacific R. R. Co. v. Austin, 135 U. S. 315, 318; Martin's Admr. v. Baltimore & Ohio R. R. Co., supra; Connell v. Smiley, 156 U. S. 335; Powers v. Chesapeake & Ohio Ry. Co., 169 U. S. 92, 18 S. Ct. 464, 42 L. Ed. 673 (1898). The time limit may be waived by conduct on the part of the adverse party: Martin's Admr. v. Baltimore & Ohio R. R. Co., supra; Southern Pacific Co. v. Stewart, 245 U. S. 359, 38 S. Ct. 130, 62 L. Ed. 345; Powers v. Chesapeake & Ohio Ry. Co., supra; Ayers et al. v. Watson, supra; Northern Pacific R. R. Co. v. Austin, supra; Muir v. Preferred Accident Ins. Co. of N. Y., 203 Pa. 338. The petition may be in time even after trial and appeal in the State courts if the application is made promptly after the case of its nature becomes removable: Powers v. Chesapeake & Ohio Ry. Co., supra. And, the time may be extended where the value in dispute has been increased above the jurisdictional amount: Northern Pacific R. R. Co. v. Austin, supra; where the controversial amount is stated for the first time after the filing of an appeal from the action of the State court refusing to set aside the service: Remington v. Central Pacific R. R. Co., 198 U. S. 95, 25 S. Ct. 577, 49 L. Ed. 959 (1905) ; or where a new cause of action is set up: Henderson et al. v. Midwest Refining Co. 43 F. (2d) 23, 25 (1930). Consequently, we must examine the proceedings before us in order to determine whether or

not there has been an extension of time limit for filing the petition for removal.

If plaintiff had met the issue or issues raised by the preliminary objections and the court had dismissed the objections in whole or in part and required defendant to answer over, the time limit for filing the petition for removal would have been exhausted even though the court prescribed terms and conditions which amounted to an extension of the time limit within which to answer. See Arrigo v. Commonwealth Cas. Co., 41 F.(2d) 817 (1930). But plaintiff did not see fit to go to a hearing on the preliminary objections. On the other hand, it seems to have recognized the validity thereof because it voluntarily amended its bill (1) by bringing upon the record other plaintiffs; (2) by eliminating the charges of violations of the Fair Sales Act of 1937 (which was declared unconstitutional in Commonwealth v. Zasloff, 338 Pa. 457 (May 13, 1940), affirming 137 Pa. Superior Ct. 96 (1939)) ; and (3) by praying for such damages and costs as each and all of the plaintiffs in the amended bill have suffered. In doing so, it brought into operation Rule 49 of our Rules of Equity Practice which required defendant to stand on its original objections, supplement them, or answer to the merits.

We are of the opinion that plaintiff by its conduct has not only extended the time limit for filing this petition, but has also introduced a new cause of action which has the same effect. In Muir v. Preferred Accident Ins. Co. of N. Y., supra, our Supreme Court said that, where there is an agreement extending the time for filing an affidavit of defense, this agreement automatically extends the time for filing the petition for removal. In the instant case, plaintiff voluntarily filed an amended bill in which it brought in five additional plaintiffs with the possible right to join others in the future and otherwise amended the original bill. Defendant had, under Rule 49 of our Rules of Equity Practice, 20 days within which to answer the averments of the amended bill, and plaintiff is pre-

sumed to know that defendant had this right. It does not, therefore, lie in plaintiff's mouth to deny that it agreed, by its conduct, to extend the time for filing an answer, since it voluntarily selected a procedure which gave defendant this additional time. The reasoning on which Muir v. Preferred Accident Ins. Co. of N. Y. was based applies to this case. In Bedell v. Baltimore & Ohio R. R. Co., 245 Fed. 788, the summons was issued on July 17th returnable July 23, 1917, and the answer date was August 11, 1917. On August 9, 1917, plaintiff obtained leave to file an amended petition which was accordingly done. The summons issued thereon was returnable August 20, 1917, and defendant was required to answer by September 8, 1917. Defendant filed its petition for removal on September 1, 1917, and an order was made removing the case to the Federal court. Westenhaver, district judge, held (pp. 790-91) :

"The plaintiffs are bound, in my opinion, by this election and method of procedure. Manifestly plaintiffs could not have taken judgment as for a default at any time earlier than the 8th of September. The notice and removal petitions were filed September 1st. In my opinion, therefore, the defendant proceeded in due time, and before the time at which it was required to demur or answer by the state law and practice."

In Dickinson v. Foot et al., 68 Okla. 236, 173 Pac. 522 (1918), plaintiff, a citizen of Oklahoma, sued defendant, a citizen of Texas, in a State court of Oklahoma. The original summons was served by publication and required defendant to answer on or before April 1, 1914. On February 4, 1914, defendant voluntarily appeared within the jurisdiction and a summons was issued and served personally upon him returnable February 14, 1914, and commanded him to answer on or before March 6, 1914. On March 27, 1914, a petition for removal to the Federal court was filed. It was there held that plaintiffs were within their rights in causing the second summons to be issued; that the service by publication of the first sum-

mons was superseded by the service of the second summons which was made personally upon defendant; that the answer date fixed in the latter was the time within which defendant was required by the laws of the State to answer or to plead. The petition for removal not having been filed within the time limit fixed by the summons served personally but within the time limit fixed by the first summons which had been served by publication, the Supreme Court of Oklahoma held the same had been filed too late and sustained the action of the lower court in dismissing the petition. In the instant case, plaintiff was clearly within its rights in filing an amended bill in equity and, having voluntarily elected to do so, was bound by the consequences. Under our Rules of Equity Practice, defendant was given a time limit within which to reply to the amended bill in equity and the time within which he might file a petition for removal was accordingly extended.

Furthermore, the amended bill states a new cause of action. New plaintiffs are brought upon the record, the alleged violations on the part of defendant are different from those set forth in the original bill and the prayer for damages does not refer to such damages as the original plaintiff had suffered but to such damages as each and all of the plaintiffs in the amended bill have suffered. It might well be, since nothing appears to the contrary, that the original plaintiff has suffered no damages or only nominal damages and that the added plaintiffs have suffered the only substantial damages. In Henderson et al. v. Midwest Refining Co., supra, a somewhat analogous case, the suit in the State court was originally based on the liability of defendants as trustees. In sustaining a demurrer, plaintiffs were given 20 days in which to amend and defendants 20 days thereafter in which to plead. The amendment sought to hold defendants in tort for damages for conspiracy to defraud. Within the time limit fixed for defendants to plead, a petition for removal to the Federal court was filed. In sustaining the action

of the lower court in dismissing a motion to remand, Lewis, C. J., held (p. 25) :

"Clearly, appellee in demurring to the original petition and obtaining a favorable ruling of the court thereon, lost its right to removal of that cause of action to the federal court. But when the plaintiffs filed their amended petition stating a new and different cause of action, appellee's right to remove that case could not and did not arise until the amended petition was filed, and its application for removal of that cause was, on the facts stated, filed within the time required by the removal section. Mecke v. Valley Town Mineral Co. (C. C.) 89 F. 209; Evans v. Dillingham (C. C.) 43 F. 177."

"The reasonable construction of the act of Congress, and the only one which will prevent the right of removal, to which the statute declares the party to be entitled, from being defeated by circumstances wholly beyond his control, is to hold that the incidental provision as to the time must, when necessary to carry out the purpose of the statute, yield to the principal enactment as to the right" : Powers v. Chesapeake & Ohio Ry. Co., supra, p. 100.

Accordingly, the prayer of the petition is granted.

### Order

And now, November 25, 1940, on consideration of the annexed petition of defendant, duly verified, and upon all the papers and proceedings in this cause, the said defendant having made and filed a bond with good and sufficient surety, as required by law, and having in all other respects complied with the statute in such case made and provided, it is, upon motion of Edmonds, Obermayer & Rebmann, attorneys for petitioner, ordered and decreed that this court does hereby accept the said petition and bond, that this court proceed no further in this cause, and that said cause be and the same is hereby transferred and removed to the District Court of the United States for the Eastern District of Pennsylvania, as provided by law.