**Frank W. PARKS, Plaintiff,**

v.

**NEW YORK TIMES COMPANY, a Corporation, Ralph D. Abernathy, Fred L. Shuttlesworth, S. S. Seay, Sr., and J. E. Lowery, Defendants.**

**John PATTERSON, Plaintiff,**

v.

**NEW YORK TIMES COMPANY, a Corporation, Martin Luther King, Jr., Fred L. Shuttlesworth, J. E. Lowery, Ralph D. Abernathy, and S. S. Seay, Sr., Defendants.**

**Civ. A. Nos. 1706–N, 1707–N.**

United States District Court
M. D. Alabama, N. D.
June 26, 1961.

Steiner, Crum & Baker and Calvin M. Whitesell, Montgomery, Ala., for plaintiff Parks.

Clinton E. Moore and Ralph Smith, Jr., Montgomery, Ala., for plaintiff Patterson.

Beddow, Embry & Beddow, Birmingham, Ala., and Lord, Day & Lord, New York City, for New York Times Co.

Charles S. Conley, Montgomery, Ala., for Martin Luther King, Jr.

JOHNSON, District Judge.

The above-captioned cases were submitted to this Court on April 26, 1961, upon the plaintiffs' separate and several motions, seeking to have this Court remand these causes to the Circuit Court of Montgomery, Alabama, State of Alabama, from whence each had been removed by the defendant The New York Times Company on April 13, 1961. Subsequent to this submission, this Court on May 24, 1961, ordered that Martin Luther King, Jr., one of the resident defendants in the case where John Patterson is a plaintiff, submit to oral interrogation by deposition. This action by the Court was necessitated by reason of the representations to this Court by counsel in the John Patterson case to the effect that they expected to prove—upon trial—that Martin Luther King, Jr., was the president of the Southern Christian Leadership Conference, of which the other individual defendants are members of the executive committee, and that the individual defendants in each of these cases, through the Southern Christian Leadership Conference, specifically or impliedly authorized or ratified the publication of the alleged libelous article that forms the basis for these two actions. The testimony of the witness King was taken as

directed, and has been considered by this Court along with the other testimony in evidence upon the separate and several motions.

The plaintiff in each of these cases is a resident citizen of the State of Alabama and was such at the time of the institution of each of these cases. In the Frank W. Parks case, the plaintiff sued the defendant The New York Times Company, a New York corporation, and Ralph D. Abernathy, Fred L. Shuttlesworth, S. S. Seay, Sr., and J. E. Lowery, in the Circuit Court of Montgomery County, Alabama, for damages claimed to have been incurred on March 29, 1960, by reason of the publication of an alleged libelous article in The New York Times, a newspaper published by The New York Times Company. The New York Times Company is a nonresident corporation having its principal place of business in the City and State of New York. The individual defendants are resident citizens of the State of Alabama and were such at the time this suit was brought. In the John Patterson case, the plaintiff is a resident citizen of the State of Alabama and was such at the time of bringing this action. Plaintiff in that case sues the same defendants as are sued in the Parks case, with the addition of Martin Luther King, a resident citizen of the State of Georgia.

A brief chronological history of these cases is essential to an intelligent understanding of the questions presented by the motions to remand. In the Parks case, the action was filed in the Circuit Court of Montgomery County, Alabama, on April 19, 1960. Service is claimed to have been effected on the defendant The New York Times Company on or about April 21, 1960. The defendant The New York Times Company removed this case to this Court on April 13, 1961. On the same date, the plaintiff filed his motion to remand this action to the State court. In the Patterson case, the action was filed in the State court on May 30, 1960. Service was claimed to have been obtained on the defendant The New York Times Company on or about June 1, 1960. This case was removed to this Court by the defendant The New York Times Company on April 13, 1961, and the plaintiff on April 20, 1961, filed his motion to remand to the State court. A similar case styled L. B. Sullivan, Plaintiff v. The New York Times Company, a Corporation, Ralph D. Abernathy, Fred L. Shuttlesworth, S. S. Seay, Sr., and J. E. Lowery, Defendants, was tried in the Circuit Court of Montgomery County, Alabama, commencing November 1, 1960. The Sullivan case terminated on or about November 3, 1960, with a verdict and judgment in favor of the plaintiff against all defendants. The basis for plaintiff's action in the Sullivan case was the same alleged libelous article that forms the basis for the plaintiff's action in each of these cases now before this Court. In the Sullivan case, the defendant The New York Times Company, subsequent to a jury verdict against it in the State court, filed with the State court a motion for a new trial, and that motion was denied by the State court on March 17, 1961.

The basis for the motion to remand in each of these cases is that this Court is without jurisdiction to hear and determine each case for the reason that the petition of The New York Times Company for removal was not filed in this Court, as required by statute, within twenty days after the receipt by the defendant The New York Times Company of a copy of the pleading setting forth the claim for relief by plaintiff in each case; further, that the individual defendants, with the exception of King in the Patterson case, are resident citizens of the State of Alabama and therefore there is no diversity within the meaning of Title 28, § 1332, United States Code Annotated. No question arises by reason of either of these motions as to the amount in controversy.

The theory of the defendant The New York Times Company in removing each of these cases to this Court is that at all times material to this litigation the defendant The New York Times Company was a corporation organized and existing under the laws of the State of New York with its principal place of business in

New York City; that these cases are actions for damages against the defendants arising out of an alleged libel of the plaintiff in each case by the defendants on or about March 29, 1960; that this Court has jurisdiction in each of these cases under § 1332, Title 28, United States Code Annotated, by reason of the diversity of citizenship between the plaintiff in each case and the defendant The New York Times Company but for the fraudulent joinder of the individual defendants (with the exception of King, a resident of the State of Georgia), who are resident citizens of the State of Alabama; that the joinder by the plaintiff in each case of the defendants Abernathy, Shuttlesworth, Seay, Sr., and Lowery, was fraudulent, because there was at the time of the commencement of each of these actions and also at the time of the removal of same no reasonable basis under the law of Alabama upon which the liability of said individual defendants to the plaintiff in either case could be established for and on account of the alleged libelous publication made the basis for each action; and that the said resident defendants were joined in each of these cases for the sole purpose of fraudulently preventing the petitioner The New York Times Company from removing these cases to the United States District Court for trial. The New York Times Company says, further, that it did not sufficiently appear that either of these cases was removable because of the fraudulent joinder of the resident defendants until after the trial in the Circuit Court of Montgomery County, Alabama, of the Sullivan case and until after the State court had overruled the motion of The New York Times Company for a new trial in that case and, further, until it became apparent that the plaintiff in each of these cases had no reasonable basis upon which the liability of said individual defendants could be established.

This Court, in each of these cases, in an effort to determine whether there is any legal basis whatsoever for the claim asserted against the resident defendants, has painstakingly studied all the evidence submitted and available, including a transcript of the trial in the Sullivan case. This Court reaches the conclusion that from the evidence presented upon the motion to remand in each of these cases there is no legal basis whatsoever for the claim asserted against the resident defendants Abernathy, Shuttlesworth, Seay, Sr., and Lowery. From the facts available to this Court, no liability on the part of the four resident defendants existed under any recognized theory of law; this is true even with the application of the Alabama "scintilla rule." Their joinder in each of these cases was therefore fraudulent as that term is applied in removal cases. The use of the term "fraudulent" in such instances is in the legal sense and not in the ordinary sense. Whenever in any case a plaintiff joins resident and nonresident defendants, the nonresident is privileged by statute to remove the action to the district court and challenge the good faith of the plaintiff in joining the resident defendants. In such instances, the removing defendant has the burden of showing that the joinder was made without any reasonable basis and solely to defeat removal; this was the procedure followed by this Court in these cases. The defendant The New York Times Company in each of these cases sustained that burden by clear and convincing evidence that compels the conclusion that the joinder in each of these cases of the resident defendants was without any reasonable legal ground. In such cases, where it is clear from the evidence that the resident defendants cannot be liable to the plaintiff on any reasonable legal ground, the plaintiff is suing improperly and the federal court should not hesitate to retain jurisdiction after removal by the nonresident defendant. See Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 34 S.Ct. 278, 280, 58 L.Ed. 544, wherein it was stated:

"A civil case, at law or in equity, presenting a controversy between citizens of different states and involving the requisite jurisdictional amount, is one which may be re-

moved by the defendant, if not a resident of the state in which the case is brought; and this right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy. Louisville & Nashville R. R. Co. v. Wangelin, 132 U.S. 599, 601 [10 S.Ct. 203, 33 L.Ed. 473]; Alabama [Great] Southern Railway Co. v. Thompson, 200 U.S. 206, 218 [26 S.Ct. 161, 50 L.Ed. 441]; Wecker v. National Enameling [& Stamping] Co., 204 U.S. 176 [27 S.Ct. 184, 51 L.Ed. 430]; Illinois Central R. R. Co. v. Sheegog, 215 U. S. 308, 316 [30 S.Ct. 101, 54 L.Ed. 208]. So, when in such a case a resident defendant is joined with the nonresident, the joinder, even although fair upon its face, may be shown by a petition for removal to be only a fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly engendering that conclusion. Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder, will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith, as was the case in Wecker v. National Enameling [& Stamping] Co., supra.
\* \* \* "

See also Dudley v. Community Public Service Company, 5 Cir., 1940, 108 F.2d 119.

The basis for this Court's firm conclusion that the joinder of the resident defendants was fraudulent in a legal sense, because there was no reasonable basis under the law of Alabama upon which the liability of the individual defendants to either plaintiff could be established for and on account of the alleged libelous publication that is made the basis for each of these actions, is as follows:

There is no dispute as to what the evidence at the Sullivan trial showed as to the alleged sponsorship by the resident defendants of the alleged libelous article. In the cases now before this Court, neither plaintiff contends that at a trial of this action he could or would offer any additional testimony, with the exception of the plaintiff Patterson, who, through his attorneys, contended that he expected the evidence to develop from the defendant King that King was the president of the Southern Christian Leadership Conference, of which the other individual defendants were members of the executive committee, and that said individual defendants through the Southern Christian Leadership Conference specifically or impliedly authorized or ratified the publication of the alleged libelous article. The evidence shows that the article in question was placed in The New York Times by an individual named John Murray, who was acting for a committee to defend Martin Luther King, Jr. Murray inserted the names of the four resident defendants as sponsors of the article. They were neither officers nor members of the committee, and had not authorized the committee, or Murray, or The New York Times, or anyone else to use their names in such a manner. Neither resident defendant knew his name had been used until some time after the publication of the article in question. The theory that the article was authorized and that the individual resident defendants had authorized the use of their names through the Southern Christian Leadership Conference is without any evidentiary basis whatsoever. As a matter of fact, all the evidence is to the contrary and uncontradicted. On the question of authorization and ratification in instances such as this Court is now concerned with, the law of Alabama is well stated by the Supreme Court of Alabama in W. E. Belcher Lumber Co. v. York, 1944, 245 Ala. 286, 17 So.2d 281, 283, where the Alabama court stated:

"Let us set out here the principle of ratification which will support a suit in trespass where it was by an agent without authority. It is thus stated in Burns v. Campbell, 71 Ala. 271, at pages 289, 290:

" 'There is no difficulty about the general rules of law governing the ratification of an agent's unauthorized act by a principal. It is settled that where such an agent, acting in the name and for the benefit of his principal, commits an unindictable trespass de bonis asportatis, or, in other words, a trespass which is voidable merely and not wholly void, as imposing a civil and not a criminal liability upon the perpetrator, the principal, after being fully informed of its tortious nature, may adopt it as his own act, and such ratification ordinarily binds the principal to the same extent, and holds him to the same civil responsibilities as if he had originally authorized it. And for many purposes the ratification will relate back to the date of the unauthorized act so as to constitute the principal a trespasser ab initio.

" 'But to hold the principal responsible for damages, in such cases, it must appear that he ratified the wrongful act of the agent with a full knowledge of its tortious character. Street v. Sinclair, supra, 71 Ala. 110; Lienkauf v. Morris, 66 Ala. 406. The mere appropriation of the fruits of the trespass without such knowledge, would not be sufficient. Herring v. Skaggs, 62 Ala. 180, 34 Am.Rep. 4.

" 'Where the relation of agency exists, and the principal derives a benefit from an act beyond the scope of the agency, the principal will be held to have ratified such unauthorized act by acquiescence, if, after being fully informed of what has been done, he fails to express his dissatisfaction within a reasonable time. Mobile & M. Rwy. Co. v. Jay, 65 Ala. 113. There are many cases, however, where mere silence, or non-interference will not amount to a ratification. Whart. Agency, § 86; 2 Greenl. Ev. § 66.' "

■ The only question now remaining is whether the defendant The New York Times Company timely removed these cases to this Court. Actions are removable generally in accordance with the provisions of Title 28, § 1441, United States Code Annotated. Ordinarily the petition for removal shall be filed "within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, * * *."[1] Thus, in the ordinary case the plaintiff holds the key to the removability. He may stay out of federal court by failing to claim the requisite amount or by naming in good faith resident defendants. However, where upon removal there is presented the question of fraudulent joinder the legal principles are different. Great Northern Ry. Co. v. Alexander, 246 U.S. 276, 38 S.Ct. 237, 62 L. Ed. 713. See also Alabama Great Southern Ry. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441. In such instances of fraudulent joinder, there is no rigid twenty-day period which applies, and the courts will accept and should accept petitions filed within a reasonable time after the right to removal becomes apparent (that is, after the fraudulent joinder becomes evident).

■ From the evidence presented to this Court upon these motions, this Court is of the opinion, and so finds, that The New York Times Company filed its petition to remove in each of these cases within a reasonable time after it became apparent that the plaintiff in each of these cases had no legal basis for proceeding against the resident defendants, and the defendant The New York Times Company, after such became evident and on April 13, 1961, promptly removed each of these cases to this Court. There is no contention by either plaintiff here that The New York Times Company could have or should have petitioned this Court for removal within twenty days of the receipt of the complaints in April and

1. Section 1446, Title 28, United States Code Annotated.

May, 1960. This is true, since insofar as The New York Times Company then knew, the resident defendants were, in fact, sponsors of the alleged libelous article and were properly joined as defendants.

The requirement as to the time for removal in "fraudulent joinder" cases is not jurisdictional, and the time will be extended by the federal courts in such instances. This rule was laid down by the Supreme Court of the United States in Powers v. Chesapeake & Ohio Railway, 169 U.S. 92, 18 S.Ct. 264, 266, 42 L.Ed. 673, where it was stated:

"But the time of filing [of] a petition for removal is not essential to the jurisdiction. The provision on that subject is, in the words of Mr. Justice Bradley, 'but modal and formal,' and a failure to comply with it may be the subject of waiver or estoppel."

As to the same principle laid down in the Powers case, see the Fifth Circuit case of Weeks v. Fidelity & Casualty Company of N. Y., 218 F.2d 503, 504, where it was stated:

"However, the time limitation prescribed by the removal statute within which a petition for removal may be filed is not jurisdictional, but is merely modal and formal, and failure to file the petition within the allotted time may be waived, or objection to such failure may be precluded by estoppel."

The test in delayed removals because of "fraudulent joinder" is whether the time is reasonable. This Court specifically finds that in each of these cases the removal to this Court on April 13, 1961, was within a reasonable time after it could have and should have become apparent to the defendant The New York Times Company that there was no reasonable basis under the law of Alabama upon which the liability of the individual defendants could be established for and on account of the alleged libelous publication made the basis for plaintiffs' actions. In this connection, see Yulee v. Vose, 99 U.S. 539, 25 L.Ed. 355; Powers v. Chesapeake & Ohio Railway, supra; Kansas City Suburban Belt Ry. Co. v. Herman, 187 U.S. 63, 23 S.Ct. 24, 47 L. Ed. 76; Remington v. Central Pacific R. R. Co., 198 U.S. 95, 25 S.Ct. 577, 49 L. Ed. 959, and the opinion of Judge Grooms in the Northern District of Alabama in February, 1961, in Fidelity & Casualty Company of N. Y., a Corporation, etc. v. Safeway Steel Scaffolds Co., a Corporation et al., D.C., 191 F.Supp. 220. This Court does not consider it necessary for an adjudication of the questions now presented by these motions to remand, but it is appropriate, however, to observe that the plaintiff in each of these cases is, in the opinion of this Court, estopped to assert that the removal petition of the defendant The New York Times Company in each of these cases was not timely filed. See Ayers v. Watson, 1885, 113 U.S. 594, 5 S.Ct. 641, 28 L.Ed. 1093; Northern Pacific Railroad Co. v. Austin, 1890, 135 U.S. 315, 10 S. Ct. 758, 34 L.Ed. 218; Martin v. Baltimore & Ohio Railroad, 1894, 151 U.S. 673, 14 S.Ct. 533, 38 L.Ed. 311; Powers v. Chesapeake & Ohio Ry. Co., 6 Cir., 1895, 65 F. 129; Fritzlen v. Boatmen's Bank, 1909, 212 U.S. 364, 29 S.Ct. 366, 53 L.Ed. 551; Wright v. Missouri Pacific R. Co. et al., 8 Cir., 1938, 98 F.2d 34; Weeks v. Fidelity & Casualty Company of N.Y., 5 Cir., 1955, 218 F.2d 503.

In accordance with the foregoing, this Court specifically finds and concludes that the joinder by each of these plaintiffs of the resident defendants Abernathy, Shuttlesworth, Seay, Sr., and Lowery, was fraudulent as that term is used in a legal sense in removal cases, and that the removal of each of these actions to this Court on April 13, 1961, was timely and proper. Formal orders will be entered accordingly.